617 So.2d 864 (1993)
Robert W. DOWNING, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1869.
District Court of Appeal of Florida, First District.
May 7, 1993.
*865 Louis O. Frost, Jr., Public Defender, William P. White III, Chief Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
We have for review a petition for writ of certiorari challenging the trial court's order denying the petitioner's motion pursuant to rule 3.213, Florida Rules of Criminal Procedure. For the reasons that follow we grant the petition, reverse the order of the trial court, and remand for further proceedings.
Robert Downing, petitioner, was originally charged with two counts of murder in the first degree. He exhibited such bizarre behavior at the time that both the state and the defense sought to have petitioner examined by mental health experts. On August 5, 1986, the trial court entered an order finding the petitioner incompetent to stand trial, and he was committed to HRS, with regular reports submitted to the trial court every six months. Each of the reports indicated that the petitioner remained incompetent to proceed. Then, on February 22, 1990, the staff of the North Florida Evaluation and Treatment Center submitted a report which concluded that the petitioner was competent to proceed. The trial court ordered the petitioner returned to jail, but before further proceedings occurred, the judge, acting in agreement with the state and the defense, ordered the petitioner returned to the North Florida Evaluation and Treatment Center for continued treatment pending a competency hearing.
The report of the staff on June 12, 1990, stated that petitioner was incompetent to stand trial. On September 11, 1991, the staff suggested that a hearing be conducted to determine whether charges should be dismissed pursuant to rule 3.213, Florida Rules of Criminal Procedure. That rule states as follows:
(a) If at any time after 5 years after determining a person incompetent to stand trial or proceed with a probation or community control violation hearing when charged with a felony, or 1 year when charged with a misdemeanor, the court, after hearing, determines that the defendant remains incompetent to stand trial or proceed with a probation or community control violation hearing, that there is no substantial probability that the defendant will become mentally competent to stand trial or proceed with a probation or community control violation hearing in the foreseeable future, and that the defendant does not meet the criteria for commitment, it shall dismiss the charges against the defendant without prejudice to the state to refile the charges should the defendant be declared competent to proceed in the future.
The state argued that the report of February 22, 1990, by the medical staff was a finding that the petitioner was competent; *866 thus, there has not been a continuous five-year period that the petitioner remained incompetent, and this petitioner was not, therefore, entitled to relief pursuant to rule 3.213. This argument is based on language in Clarke v. State, 455 So.2d 1112 (Fla. 3d DCA 1984), which stated that to be eligible for the remedies in rule 3.213, the accused must demonstrate five consecutive uninterrupted years of incompetency to stand trial. Based upon this argument, the trial court dismissed the request for a hearing.[1] In this case, there was a five-year period of incompetency which was never interrupted by a judicial determination of competence. A judicial determination of incompetence remains valid until there is a subsequent judicial determination that the petitioner is competent to proceed.
We, therefore, grant the petition and reverse the trial court's summary denial of petitioner's motion, and remand with instructions that the petitioner receive a hearing pursuant to rule 3.213, Florida Rules of Criminal Procedure.
ERVIN and MINER, JJ., concur.
NOTES
[1] We would note that rule 3.213, Fla.R.Crim.P., does not specifically state that the five-year period must be uninterrupted. It is unnecessary, however, for us to determine the validity of the pronouncement in Clarke, supra, as a result of our holding in this case.