634 So.2d 813 (1994)
Joseph HOLLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2789.
District Court of Appeal of Florida, First District.
April 7, 1994.
*814 James C. Banks, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Joseph Holland appeals his convictions on counts for attempted first-degree murder, aggravated battery with a deadly weapon, display of a firearm during a felony, and kidnapping while armed. He raises two points on appeal, and we reverse on both.
Appellant's first point concerns the trial court's ruling on his competency to stand trial. The following facts are relevant to this point. Prior to trial, Appellant was adjudicated incompetent by three judges on three separate occasions. First, Judge Royce Agner rendered a "Finding of Incompetency and Order of Commitment to State Hospital" on November 18, 1987. Second, Judge Arthur Lawrence rendered a "Finding of Incompetency and Order of Commitment to State Hospital" on June 27, 1989. Finally, Judge Vernon Douglas rendered a "Finding of Incompetency and Order of Commitment to State Hospital" on July 31, 1990. On December 6, 1990, Judge Douglas entered an *815 order to transport, noting that the court had been "advised by the Department of Health and Rehabilitative Services by and through the Forensic Service Director at Florida State Hospital, Chattahoochee, Florida, that [Appellant] is competent to stand trial" and directing the sheriff to "take [Appellant] into custody and return him to Suwannee County for a hearing on the issues raised by the Forensic Service Director's report." On January 3, 1991, Appellant was discharged by the administrator of the Florida State Hospital. There is no evidence in the record of a competency hearing, and both parties have stipulated in the supplemental record that the trial court did not conduct a pre-trial competency hearing.
Appellant was tried and convicted, and during the sentencing hearing Appellant raised the issue of his previous incompetency. The court asked if the attorneys could point to an order restoring Appellant's competency. Defense counsel stated that he was not aware of such an order and never attended a competency hearing because he knew that Appellant had been found competent by the doctors at Chattahoochee and did not want to contest such a determination. The prosecutor affirmed that this was the state's understanding. However, the court replied that such a determination would have to be made by the court pursuant to Florida Rule of Criminal Procedure 3.212(c)(5). The attorneys on both sides had conflicting or vague recollections as to whether any of the three judges, who previously had declared Appellant incompetent, had conducted subsequent pre-trial competency hearings or entered any order, either written or oral, restoring Appellant's competency. The court then questioned Appellant as to whether he felt that he was incompetent to stand trial, to which Appellant answered in the negative. Following this, the court imposed sentences on each count.
On August 28, 1991, Appellant filed a notice of appeal. On September 9, 1991, Judge Douglas rendered a nunc pro tunc order finding Appellant competent to stand trial based on the reports of court-appointed psychiatric experts and the reports of Drs. Steven Collins and Michael T. D'Errico of the Florida Department of Health and Rehabilitative Services. The trial court did not have jurisdiction to enter this order, however, because it was entered after the notice of appeal had been filed, so it is a nullity. See State ex rel. Faircloth v. District Court of Appeal, Third District, 187 So.2d 890 (Fla. 1966) (filing of notice of appeal vests in appellate court complete and exclusive jurisdiction of the subject matter and of the parties to the appeal).
On this record, we must reverse the convictions and remand for a proper competency hearing. Although Appellant never requested a competency hearing before he proceeded to trial, this does not constitute a waiver of the trial court's duty to hold a hearing on competency if reasonable grounds exist. See State v. Tait, 387 So.2d 338, 341 (Fla. 1980). Generally, a hearing to determine whether a defendant was competent to stand trial cannot be held retroactively. Tingle v. State, 536 So.2d 202 (Fla. 1988). However, the supreme court has stated that there is no per se rule in Florida forbidding a nunc pro tunc competency determination under any circumstances. Mason v. State, 489 So.2d 734, 737 (Fla. 1986), citing State v. Williams, 447 So.2d 356 (Fla. 1st DCA 1984). Although the court acknowledged the inherent problems in conducting a retroactive competency evaluation in earlier cases such as Hill v. State, 473 So.2d 1253 (Fla. 1985), it also observed that a "`court may find that there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing.'" Mason, 489 So.2d at 737 [quoting Martin v. Estelle, 583 F.2d 1373, 1375 (5th Cir.1978)]; see also Williams, 447 So.2d at 359.
The instant case, however, is significantly different from the cases cited above in that here Appellant was actually adjudicated (rather than merely suspected of being) incompetent to stand trial. "A judicial determination of incompetence remains valid until there is a subsequent judicial determination that the [adjudged incompetent] is competent to proceed." Downing v. State, 617 So.2d 864, 866 (Fla. 1st DCA 1993). Accordingly, *816 we reverse Appellant's convictions on all charges and remand for a full evidentiary hearing on Appellant's competency. We are unaware of any authority under Florida law to vacate such an adjudication nunc pro tunc. Accordingly, before a new trial is conducted, the trial court shall ensure that Appellant's competency to proceed with the trial has been established.
Appellant's second point concerns the failure of the trial court to instruct the jury, as he requested, on the lesser-included offenses of attempted second-degree murder, attempted third degree murder, and attempted manslaughter when instructing the jury on the charge of attempted first-degree murder. While the record is somewhat ambiguous in regard to Appellant's request for these instructions, we conclude that it is adequate to support his contention that a request was made and denied. It is clear that the trial court was obligated to instruct on necessarily lesser-included offenses. State v. Wimberly, 498 So.2d 929 (Fla. 1986); Pride v. State, 511 So.2d 1068 (Fla. 1st DCA 1987); Wheat v. State, 433 So.2d 1290 (Fla. 1st DCA 1983), pet. for rev. denied, 444 So.2d 418 (Fla. 1984). Since attempted second-degree murder and attempted manslaughter are necessarily lesser-included offenses of the charged offense of attempted first-degree murder, it was error not to have given the instructions. Fla.Std. Jury Instr. (Crim.) at 285; see Hayes v. State, 564 So.2d 161 (Fla. 2d DCA 1990) (jury should have been instructed on lesser-included offenses of attempted second-degree murder and attempted manslaughter in prosecution for attempted first-degree felony murder).
The remaining issue, then, is whether the error was harmless. The failure to instruct on the next immediate lesser-included offense, one step removed, constitutes per se reversible error, while the failure to instruct on lesser-included offenses two or more steps removed may be found to be harmless error. State v. Abreau, 363 So.2d 1063 (Fla. 1978). Because the trial court failed to instruct the jury on the next immediate lesser-included offense of attempted second-degree murder, one step removed from the charged offense (attempted first-degree murder), we cannot treat the failure to give the instructions as harmless error. See Acensio v. State, 497 So.2d 640 (Fla. 1986).
Accordingly, the judgment of conviction on all counts is reversed, and the cause is remanded for a competency hearing and new trial.
REVERSED AND REMANDED.
ZEHMER, C.J., and ERVIN, J., concur.
WEBSTER, J., dissents with written opinion.
WEBSTER, Judge, dissenting.
I am unable to agree with the majority's analysis of the two issues presented by this appeal. Therefore, respectfully, I am constrained to dissent. I shall discuss each of the issues in turn.

I.

THE COMPETENCY ISSUE
I agree that it was error for the trial court not to hold a competency hearing before appellant's trial. Fla.R.Crim.P. 3.212(c)(6). However, I do not agree that reversal of appellant's convictions is compelled as a result of that error. Instead, I would remand with directions that the trial court determine whether a meaningful retrospective competency hearing can be held. I would direct, further, that, if the trial court determines that such a hearing cannot be held, it vacate appellant's convictions and grant a new trial, assuming that appellant is then found to be competent. However, if the trial court determines that such a hearing can be held, it should do so, making appropriate findings. If, after such a hearing, the trial court were to conclude that appellant was not competent at the time of his trial, it should set aside the convictions and grant appellant a new trial, assuming that it were to find that appellant had since regained his competency.
There are, of course, problems associated with such a retrospective competency hearing. However, the procedure I have outlined has been resorted to with some frequency in the federal system. See, e.g., United States v. Renfroe, 825 F.2d 763 (3d Cir.1987); United *817 States v. Johns, 728 F.2d 953 (7th Cir.1984); Acosta v. Turner, 666 F.2d 949 (5th Cir.1982); United States v. Nichelson, 550 F.2d 502 (8th Cir.), cert. denied, 434 U.S. 998, 98 S.Ct. 640, 54 L.Ed.2d 494 (1977); United States v. Makris, 483 F.2d 1082 (5th Cir.1973), appeal after remand, 535 F.2d 899 (5th Cir.1976), cert. denied, 430 U.S. 954, 97 S.Ct. 1598, 51 L.Ed.2d 803 (1977). Moreover, its availability has been recognized in Florida. See, e.g., Mason v. State, 489 So.2d 734 (Fla. 1986); State v. Williams, 447 So.2d 356 (Fla. 1st DCA 1984). There are no Florida decisions addressing the availability of such a procedure in a case like this, where the defendant has previously been found to be incompetent to proceed and no subsequent hearing is held before trial, following an opinion that the defendant has regained his or her competency. However, there is a relatively recent federal decision which involves relevant facts substantively indistinguishable from those of this case.
In United States v. Hutson, 821 F.2d 1015 (5th Cir.1987), the defendant had been found to be incompetent to stand trial, and was committed to a federal correctional facility for psychological evaluation and treatment. Some months later, the defendant's treating psychiatrist at the facility reported that the defendant had regained her competency. Without any further hearings or findings regarding her competency, the defendant was tried and convicted. On appeal, the court commented as follows regarding the failure to hold a second competency hearing:
The district court erred by proceeding to trial without making a second competency determination.... This failure does not, however, mandate reversal of the conviction... . [Appellant's] substantive rights were affected only if she was actually incompetent at the time of trial... . Her procedural rights may be vindicated by a meaningful retrospective hearing. Thus we remand to the district court for determinations as to whether a meaningful retrospective competency hearing can be held, ... and, if it can, whether [appellant] was competent to stand trial... .
On the first issue, the state bears the burden of showing that the "tools of rational decision are available"... . The quantity and quality of available evidence must be such that the competency assessment can be labelled as more than mere speculation... .
If a meaningful hearing can be held, the state also bears the burden of proof on the issue of competency. In this direct attack, the state must prove by a preponderance that [appellant] was competent to stand trial when she did... . If the state fails to meet either of its burdens, the court must grant [appellant] a new trial if she is later found competent... .
821 F.2d at 1018 (citations omitted). I would follow this procedure.

II.

THE JURY INSTRUCTION ISSUE
Count I of the information charged appellant with attempted first-degree murder. As to that count, the entire discussion at the charge conference regarding lesser-included offenses consisted of the following:
THE COURT: With respect to Count I, are there any objections?
[DEFENSE COUNSEL]: Let me  I can't, in all candor, say that the facts that have been elicited in this case warrant instructions for second degree, or attempted second and third for manslaughter, but I've seen crazier things happen.
I don't know whether they should not be included in the verdict form. [The prosecutor] and I had discussed it earlier. Upon reflection, I think it would be in [appellant's] best interest if they were included.
THE COURT: Response.
[THE PROSECUTOR]: Your Honor, the State doesn't agree. Counsel agreed and stipulated earlier, prior to the completion of the verdict form, that there were no lesser included offenses and none were going to be requested, so the verdict form has been prepared.
Attempted murder in the second degree and attempted murder in the third degree do not apply to this case, as [defense counsel] said, he doesn't believe the facts apply, and they don't.

*818 THE COURT: Are they necessarily lesser includeds?
[THE PROSECUTOR]: No, sir.
THE COURT: Can you show where they are?
[DEFENSE COUNSEL]: No, sir.
THE COURT: Denied. They will not be included.
The majority concludes that the foregoing discussion, which appears to relate only to the verdict form, was sufficient to preserve for appellate review the claim that the trial court erred when it did not instruct the jury regarding attempted second-degree murder, attempted third-degree murder and attempted manslaughter. I cannot agree.
It is clear that a trial court must instruct on necessarily lesser-included offenses when a request is made that it do so. State v. Wimberly, 498 So.2d 929 (Fla. 1986). However, it is equally clear that failure to instruct on necessarily lesser-included offenses in a non-capital case is not fundamental error. To preserve such an error for appellate review, the defendant must request such an instruction and object to the trial court's failure to give one. McKinney v. State, 579 So.2d 80 (Fla. 1991); Parker v. Dugger, 537 So.2d 969 (Fla. 1988); Jones v. State, 484 So.2d 577 (Fla. 1986).
Florida Rule of Criminal Procedure 3.390(d) states that "[n]o party may raise on appeal the giving or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection" (emphasis added). The rule does not require the use of special words to preserve for review the giving of, or failure to give, a particular instruction. However, it does require that the record clearly reflect that a request was made for a specific instruction; that the trial court understood the legal basis for the request; and that the trial court denied the request. State v. Heathcoat, 442 So.2d 955 (Fla. 1983); Spurlock v. State, 420 So.2d 875 (Fla. 1982).
I am willing to concede that one might be able to surmise from the brief discussion during the charge conference about the verdict form that defense counsel was requesting instructions on the lesser-included offenses of attempted second-degree murder, attempted third-degree murder and attempted manslaughter. However, I am unable to agree that that discussion may be read as reflecting that the trial court understood that defense counsel was arguing that the instructions must be given because the offenses were necessarily lesser-included offenses. On the contrary, it seems relatively clear to me that the trial court did not understand that some of the offenses as to which instructions were being requested were necessarily lesser-included offenses, primarily because defense counsel agreed with the prosecutor (incorrectly) that none of the offenses was a necessarily lesser-included offense. Because the request was not sufficiently explicit to apprise the trial court of its legal basis, I conclude that the failure to give the instructions requested was not preserved for our review. Cf. Rigdon v. State, 621 So.2d 475 (Fla. 4th DCA 1993) (while "modest," request for instruction was sufficiently specific where record clearly reflected that trial court understood legal basis for request).
For the foregoing reasons, I dissent.