741 So.2d 1181 (1999)
Donald J. METZGAR, Appellant,
v.
STATE of Florida, Appellee.
No. 97-05068.
District Court of Appeal of Florida, Second District.
September 15, 1999.
*1182 Scott L. Robbins, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Acting Chief Judge.
Donald J. Metzgar appeals orders adjudicating him guilty of violating his probations. He contends that the trial court erred in holding a violation of probation hearing when he had been previously found to be incompetent. We agree and reverse.
The hearing on Metzgar's violation of probation was held on October 24, 1997. Prior to this hearing, the trial court had entered three orders finding that Metzgar was incompetent. Those orders were entered on October 19, 1995, May 20, 1996, and July 2, 1996. In June and July 1997, orders were entered appointing doctors to examine Metzgar and to determine his competence.
At the hearing on Metzgar's violation of probation, the trial court heard evidence regarding the violation and found Metzgar guilty. Thereafter, the trial court addressed the issue of competency.[1] It reviewed the reports of Dr. Fireman, Dr. Slomin, and Dr. Poorman. The trial court observed that Dr. Fireman and Dr. Slomin found that Metzgar was competent. Dr. Poorman found that Metzgar was incompetent. Based on these reports, the trial court found that Metzgar was competent. There is no evidence in the record that Metzgar was given notice that the trial *1183 court would make a finding regarding his competency at this hearing.
We conclude that the trial court should have conducted a full hearing to determine Metzgar's competence and Metzgar should have been given notice of that hearing. Because Metzgar had been previously found incompetent, the trial court was required to make a finding that Metzgar was competent at the time of the violation of probation hearing. "A judicial determination of incompetence remains valid until there is a subsequent judicial determination that the petitioner is competent to proceed." Downing v. State, 617 So.2d 864, 866 (Fla. 1st DCA 1993). See Livingston v. State, 383 So.2d 947 (Fla. 2d DCA 1980) (recognizing that a person adjudged to be insane is presumed to continue insane until it is shown that their sanity has returned); Alexander v. State, 380 So.2d 1188 (Fla. 5th DCA 1980) (holding that the legal status of a defendant cannot be adjudicated from incompetent to competent without a hearing).
Metzgar was entitled to notice of the hearing. In determining the requirements of a competency hearing, the Florida Supreme Court has held that "[p]rocedural due process ... requires adequate notice and an opportunity to be heard `at a meaningful time and in a meaningful manner.'" Jones v. State, 24 Fla. L. Weekly S290, S291, 740 So.2d 520 (Fla.1999) (quoting Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971)). Metzgar notes that, because he did not have notice that there would be a competency hearing, he did not have an opportunity to call the three doctors as witnesses or otherwise contest the findings in their reports.
The State contends that Metzgar waived this argument because he did not raise it below. We disagree. Metzgar could not have waived his right to a competency determination. "A defendant who is presumptively incompetent is not sui juris until so declared by the court, so he cannot waive a competency hearing." Alexander, 380 So.2d at 1190. See Holland v. State, 634 So.2d 813 (Fla. 1st DCA 1994). We recognize that in Fowler v. State, 255 So.2d 513 (Fla.1971), the Florida Supreme Court held that where the parties and the trial court agree, the trial court may decide the issue of competency on the basis of the written reports alone. However, in the present case, there was no such agreement between the parties and the trial court.
We reverse the orders adjudicating Metzgar guilty of violating his probations. Before a new hearing is conducted on the violations, the trial court must first determine Metzgar's competence to proceed in a formal hearing. See Holland, 634 So.2d at 816; Alexander, 380 So.2d at 1191.
Reversed and remanded with directions.
CASANUEVA and DAVIS, JJ., Concur.
NOTES
[1] Although we reject Metzgar's argument that the competency determination was rendered invalid because it was made after the probation hearing, see Mason v. State, 489 So.2d 734 (Fla.1986), we note that such determination is preferably made before the hearing.