810 So.2d 545 (2002)
Jessie JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2023.
District Court of Appeal of Florida, Fourth District.
February 13, 2002.
*546 Carey Haughwout, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, and Nan Ellen Foley, Certified as an Out of State Attorney, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Zappi, Assistant Attorney General, Fort Lauderdale, for appellee.
HAZOURI, J.
Appellant was charged by information with delivery of cocaine. He was found incompetent to proceed to trial. Thereafter, there is no indication in the record that the trial court held a competency hearing and determined that he was competent to proceed. Nevertheless, the case proceeded to a jury trial, which the State concedes was error. At trial, Appellant unsuccessfully raised an entrapment defense.
At trial, Officer Deborah Ramsey testified to the events leading to Appellant's arrest. On May 26, 1998, at 9:30 P.M., Officer Ramsey was working undercover at a Circle K convenience store. The undercover operation was to try to buy crack cocaine. She stood next to a set of payphones where the Appellant was standing. Officer Ramsey testified that Appellant asked, "What's up?" and she responded that she was looking for "a twenty," referring to crack cocaine. She testified that when she showed Appellant a twenty dollar bill, he told her to "put that back in her pocket, there's a lot of cops around." Appellant told Officer Ramsey that he didn't have anything, but he could beep somebody to bring it to him. Appellant and the officer walked to another set of payphones attached to the Circle K that would accept incoming calls. Appellant asked Officer Ramsey for thirty-five cents to beep somebody that could probably deliver "the dope." Officer Ramsey gave Appellant thirty-five cents. Officer Ramsey then went into the store, bought a can of beer and came back out. She testified that she asked Appellant if he wanted some. He took a drink. Appellant informed Officer Ramsey that nobody called him back, but that they could go to Lincoln Street and find someone that could give them "the dope." They both walked to Lincoln Street. Appellant asked Officer Ramsey to wait for him and he would attempt to get something at an apartment building. Officer Ramsey gave him a twenty-dollar bill. Appellant came back a few minutes later and gave her what proved to be cocaine.
Appellant testified in his defense that Officer Ramsey approached him looking for crack cocaine and pulled out a twenty-dollar bill. He testified that he only agreed to get her the cocaine, after she agreed to share the rock of crack cocaine and a beer with him. Appellant explained that he asked her to wait while he waved down a young black male on a bicycle, went behind a building, purchased the cocaine, broke a piece down to smoke it and then returned to where she was and handed her the rest of the cocaine. Appellant testified that he was a cocaine addict and had five previous felony convictions, one of which was for possession of cocaine.
*547 Defense counsel moved to dismiss, arguing that Appellant was entrapped as a matter of law because his due process rights were violated. The motion was denied. Appellant was found guilty of delivery of cocaine, convicted and sentenced to 70.05 months in prison.
Appellant raises the following points on appeal: (1) the trial court erred when it failed to find that he was competent to stand trial, after a prior finding of incompetency, (2) the refusal of an explanatory instruction on psychotropic medication was reversible error, (3) he was entrapped as a matter of law, and (4) prosecutorial comments that he committed the offense to obtain drugs for himself invited the jury to convict on an unconstitutional theory.
As Appellant asserts, the trial court violated Appellant's due process rights when it failed to find that he was competent to stand trial, following a prior finding of incompetency. See Cooper v. Oklahoma, 517 U.S. 348, 354, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996) ("We have repeatedly and consistently recognized that `the criminal trial of an incompetent defendant violates due process.'") (citations omitted); Fla. R.Crim. P. 3.212(c); Parks v. State, 290 So.2d 562 (Fla. 4th DCA 1974) (appellant cannot be adjudicated from incompetent to competent without a hearing).
Accordingly, Appellant's conviction is reversed and the case is remanded for a new trial, provided a competency hearing is held and Appellant is found competent to proceed to trial.
Although our granting of a new trial renders Appellant's second and fourth points on appeal moot, we write to address the issue of entrapment because the Appellant contends that the facts elicited at trial require a judgment of acquittal as a matter of law. First, Appellant argues that he was subjectively entrapped as a matter of law. The subjective test for entrapment under section 777.201, Florida Statutes (1997), is set forth in Munoz v. State, 629 So.2d 90 (Fla.1993). Therein, the supreme court stated that a court must determine: (1) Whether the accused has established by a preponderance of the evidence that an agent of the government induced the accused to commit the offense charged, (2) If the first question is answered affirmatively, whether the accused was predisposed to commit the offense charged, and (3) Whether the entrapment evaluation should be submitted to a jury. Munoz, 629 So.2d at 99-100.
Appellant argues that Officer Ramsey induced him to deliver the crack cocaine because Officer Ramsey initiated the conversation about drugs, offered him a beer and provided him with the money to purchase the drugs. Appellant further argues that the State did not show that he was predisposed to deliver drugs.
The facts adduced at trial were that Officer Ramsey acknowledged that she initiated the conversation about drugs and gave him a beer. However, Appellant testified that he asked Officer Ramsey for the beer. Additionally, Appellant offered to call someone in order to get the cocaine and when that did not work, it was his idea to go to Lincoln Street to find the cocaine. Officer Ramsey provided the money to purchase the cocaine. Appellant returned with the cocaine and delivered it to Officer Ramsey. Appellant may have decided to deliver the cocaine either for monetary profit or so that he could smoke some of it. Appellant admitted to being a cocaine addict, having a cocaine pipe with him, wanting to smoke more cocaine that day and smoking some of the cocaine.
These facts could be interpreted as either proof of inducement or of predisposition to deliver the cocaine. Thus, the trial *548 court did not err when it decided to submit the issue of entrapment to the jury. Therefore, Appellant has failed to demonstrate subjective entrapment as a matter of law.
Next, Appellant argues that he was objectively entrapped as a matter of law, when Officer Ramsey induced him, a mentally ill crack addict, into delivering drugs with the promise of beer and cocaine. See Kinsey v. State, 623 So.2d 556, 560 (Fla. 4th DCA 1993) ("[E]nticing an addict into an unlawful transaction by the promise of payment in the form of drugs is misconduct that will not be tolerated and that will subject a charge to dismissal as a due process violation."); see also Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958) (finding entrapment as a matter of law where defendant obtained narcotics for informer only after repeated persuasion, including appeal to sympathy and inducement of defendant himself to return to narcotics habit); Pezzella v. State, 513 So.2d 1328, 1330 (Fla. 3d DCA 1987) (seeking out defendant and persuading him to buy qualudes supplied by police, without any information that he had previously been involved in any illicit drug activity, was entrapment, and enticing a known drug addict to participate in illicit drug sale by promising him drugs for his personal use was entrapment), rev. denied, 523 So.2d 578 (Fla.1988).
Appellant's argument is not persuasive. There was no evidence adduced at trial which would support the contention that law enforcement knew Appellant was either mentally ill or a cocaine addict. Officer Ramsey testified that Appellant agreed to find her the cocaine before she gave him the beer. Appellant testified that he requested the beer. Although Appellant testified that Officer Ramsey offered to give him some cocaine and that he told her that he had smoked some of it, she testified that she never offered him any cocaine and never saw him smoke any of the cocaine. Thus, this case is distinguishable from the cited cases that deal with law enforcement providing the defendant with drugs or promising the defendant drugs. Therefore, Appellant has not demonstrated law enforcement misconduct constituting objective entrapment.
Reversed and remanded.
TAYLOR and MAY, JJ., concur.