853 So.2d 1116 (2003)
Elizar SAMSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2675.
District Court of Appeal of Florida, Fourth District.
September 10, 2003.
Carey Haughwout, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, Laurel R. Wiley and Marrett W. Hanna, Assistant Attorneys General, West Palm Beach, for appellee.
PER CURIAM.
We have for review the pleas and sentences in this case. Elizar Samson ("Samson") argues that his nolo contendere pleas were improperly accepted because he was incompetent at the time. We agree and reverse.
Samson was charged with eight counts of robbery with a deadly weapon. He was then adjudicated incompetent to proceed and institutionalized for treatment. At a later hearing, he pled nolo contendere to the counts charged and was sentenced to thirty-one year concurrent sentences of imprisonment on all counts. Prior to entering these pleas, no hearing was held adjudicating Samson's legal status from incompetent to competent.
Florida Rule of Criminal Procedure 3.210(a) provides:
A person accused of an offense or a violation of probation or community control who is mentally incompetent to proceed at any material stage of a criminal proceeding shall not be proceeded against while incompetent.
An individual adjudicated incompetent is presumed to remain incompetent until adjudicated restored to competence. Alexander v. State, 380 So.2d 1188, 1189 (Fla. 5th DCA 1980) (citing Corbin v. State, 129 Fla. 421, 176 So. 435 (1937)). Furthermore, "the legal status of a defendant cannot be adjudicated from incompetent to competent without a hearing." Id. at 1190.
*1117 Contrary to the State's contention, the required hearing to determine whether Samson had been restored to competence did not occur. Florida Rule of Criminal Procedure 3.212 sets forth the required competency hearing procedures for determining whether a defendant previously adjudicated incompetent has been restored to competence. See Mora v. State, 814 So.2d 322, 333 (Fla.2002)(indicating that where a defendant's competence is once questioned, Florida Rules of Criminal Procedure 3.210, 3.211, and 3.212 apply if his competence is again questioned). These procedures include the calling of court-appointed expert witnesses designated under Florida Rule of Criminal Procedure 3.211, a determination of competence to proceed, and the entry of an order finding competence. See Fla. R. Crim. P. 3.212.
In the present case, the trial judge did not take the testimony of any of the examining physicians and did not enter a written order stating that Samson was restored to competence. Therefore, he remained incompetent to proceed and could not enter valid pleas. See Godinez v. Moran, 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993); Catinella v. State, 732 So.2d 444, 445 (Fla. 4th DCA 1999).
REVERSED AND REMANDED for further proceedings consistent with this opinion.
GUNTHER, KLEIN and GROSS, JJ., concur.