871 So.2d 1020 (2004)
Calvin SLEDGE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-330.
District Court of Appeal of Florida, Fifth District.
April 30, 2004.
*1021 James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, C.J.
Calvin Sledge appeals his judgments and sentences for battery on a law enforcement officer and resisting an officer without violence. We reverse and remand for a hearing to determine whether Sledge is competent to proceed to trial.
On September 12, 2001, after the State filed its information charging him with various crimes, Sledge was adjudicated incompetent to proceed to trial and committed to the Department of Children and Families (DCF) for hospitalization. The record reveals that Sledge was again found incompetent on March 4, 2002.
On April 12, 2002, following Sledge's most recent clinical evaluation, DCF wrote a letter stating that Sledge was competent to proceed. Rather than conducting a formal hearing to determine whether Sledge was competent, the trial judge simply set a trial date and proceeded to trial. The jury returned verdicts of guilty, and Sledge was sentenced to a term of incarceration as a prison releasee reoffender.
Florida Rule of Criminal Procedure 3.210(a) provides that "[a] person accused of an offense ... who is mentally incompetent to proceed at any material stage of a criminal proceeding shall not be proceeded against while incompetent." Moreover, once adjudicated incompetent, "the legal status of a defendant cannot be adjudicated from incompetent to competent without a hearing." Alexander v. State, 380 So.2d 1188, 1190 (Fla. 5th DCA 1980); see also Samson v. State, 853 So.2d 1116 (Fla. 4th DCA 2003). Therefore, once a defendant is found incompetent to stand trial, there must be a "subsequent finding that he ha[s] regained his competency in order to proceed." Blue v. State, 837 So.2d 541, 543 (Fla. 4th DCA 2003) (reversing and remanding for a new trial after a competency hearing is held and the defendant adjudged competent to proceed to trial); see also Jackson v. State, 810 So.2d 545 (Fla. 4th DCA 2002) (holding that a judicial determination of incompetence remains valid until there is a subsequent judicial determination that the defendant is competent to proceed); Downing v. State, 617 So.2d 864 (Fla. 1st DCA 1993) (remanding with instructions that the petitioner receive a hearing on continued incompetency).
We note, parenthetically, that the State properly concedes that the trial court should have determined whether Sledge was competent before proceeding with the trial. Therefore, we reverse Sledge's convictions and sentences and remand for a competency hearing and a new trial should Sledge be found competent to proceed.
REVERSED AND REMANDED.
PALMER and MONACO, JJ., concur.