880 So.2d 1241 (2004)
Cornell JACKSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1D03-2205, 1D03-4086.
District Court of Appeal of Florida, First District.
August 30, 2004.
Nancy A. Daniels, Public Defender; Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In these two consolidated cases, which we previously consolidated for record purposes and are now consolidating for purposes of this opinion, appellant, Cornell Jackson, contends that the trial court erred in failing to hold a competency hearing prior to adjudicating him competent to *1242 proceed when he had previously been adjudicated incompetent to proceed on four separate occasions. We agree and, therefore, reverse appellant's convictions and remand.
Although the State argues that the trial court had no obligation to conduct an adversarial hearing before proceeding to trial, Florida Rule of Criminal Procedure 3.212(c)(6) mandates that a court hold a hearing within thirty days of its receipt of a status report from the administrator of the facility in which a defendant is being treated or a report from the administrator stating that a defendant no longer meets the criteria for commitment or has become competent to proceed. As the Fourth District has explained, rule 3.212 sets forth the required competency hearing procedures for determining whether a defendant previously adjudicated incompetent has been restored to competence. See Samson v. State, 853 So.2d 1116, 1117 (Fla. 4th DCA 2003) (citing Mora v. State, 814 So.2d 322, 333 (Fla.2002)). Such procedures include "the calling of court-appointed expert witnesses designated under Florida Rule of Criminal Procedure 3.211, a determination of competence to proceed, and the entry of an order finding competence." Samson, 853 So.2d at 1117. An individual who has been adjudicated incompetent is presumed to remain incompetent until adjudicated competent to proceed by a court. Id. at 1116; see also Holland v. State, 634 So.2d 813, 815 (Fla. 1st DCA 1994) ("`A judicial determination of incompetence remains valid until there is a subsequent judicial determination that the [adjudged incompetent] is competent to proceed.'") (quoting Downing v. State, 617 So.2d 864, 866 (Fla. 1st DCA 1993)). A defendant's legal status cannot be adjudicated from incompetent to competent without the benefit of a hearing. Samson, 853 So.2d at 1117 (citing Alexander v. State, 380 So.2d 1188, 1190 (Fla. 5th DCA 1980)).
In Metzgar v. State, 741 So.2d 1181, 1182 (Fla. 2d DCA 1999), the trial court entered three orders finding that the appellant was incompetent prior to the violation of probation hearing. Following the entry of the three orders but before the probation hearing, the court appointed doctors to examine the appellant to determine competence. Id. During the probation hearing, the court heard evidence as to the violation and found the appellant guilty. Id. The court then addressed the issue of the appellant's competence.[1]Id. The court reviewed the reports of three doctors, two of whom found that the appellant was competent and one of whom found that the appellant was incompetent. Id. In reversing the orders adjudicating the appellant guilty and remanding for a competency hearing and a new trial if the appellant was deemed competent, the Second District noted that the record was devoid of any evidence that the appellant was given notice that the trial court would make a finding regarding his competency during the probation hearing. Id. at 1182-83. The court concluded that the trial court should have conducted "a full hearing" to determine the appellant's competence and that the appellant should have been given notice of that hearing. Id. at 1183. The court also noted that, although the supreme court has held that, where the parties and the trial court agree, the court may decide the issue of competency on the basis of the written reports, there was no such agreement in the case. Id.; see also Sledge v. State, 871 So.2d 1020, 1021 (Fla. 5th DCA 2004) (reversing for a competency *1243 hearing because the trial court, upon receipt of the Department of Children and Families' clinical evaluation stating that the appellant was competent to testify, simply set a date for trial and did not conduct a "formal hearing" to determine whether the appellant was, in fact, competent to proceed); Johnson v. State, 855 So.2d 218, 219 (Fla. 5th DCA 2003) (holding that the trial court erred in proceeding to sentence the appellant before having adjudged him competent to proceed and noting that the record revealed that the court failed to hold a competency hearing, failed to adjudicate the appellant competent after his having been deemed incompetent, and that the appellant's legal status at the time of sentencing was still one of incompetence); Samson, 853 So.2d at 1117 (holding that the trial court failed to conduct the required hearing to determine whether the appellant had been restored to competence and noting that, because the court did not take the testimony of any of the examining physicians and did not enter a written order stating that the appellant had been restored to competence, the appellant remained incompetent and could not enter valid pleas); Jackson v. State, 810 So.2d 545, 547 (Fla. 4th DCA 2002) (holding that the trial court violated the appellant's due process rights when it failed to find that he was competent to stand trial, noting that there was no indication that the court held a competency hearing prior to proceeding to trial, and reversing for a new trial provided the court deemed the appellant competent after holding a competency hearing); Holland, 634 So.2d at 815-16 (noting that there was no evidence in the record of the trial court holding a competency hearing for the appellant who had previously been declared incompetent, reversing the appellant's convictions, and remanding for a proper competency hearing and new trial); Parks v. State, 290 So.2d 562, 563-64 (Fla. 4th DCA 1974) (holding that the legal status of the appellant could not be adjudicated from incompetent to competent without a hearing and noting that the court, without holding a competency hearing, deemed the appellant to be competent based upon the receipt of an ex parte letter from a doctor at the Florida State Hospital and brought the appellant to trial).
Although the trial court orally declared appellant competent to proceed based upon certain medical reports, it failed to conduct a proper hearing. The record is devoid of any evidence that the parties agreed to such a procedure. Therefore, because a defendant cannot be adjudicated from incompetent to competent without a competency hearing where he or she has the opportunity to call the court-appointed witnesses, see, e.g., Samson, 853 So.2d at 1116, the court's oral declaration was invalid. Thus, appellant remained incompetent when brought to trial. As a result, appellant's right to due process was violated. See State v. Tait, 387 So.2d 338, 341 (Fla.1980) ("[T]he failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial.") (quoting Drope v. Missouri, 420 U.S. 162, 172, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975)); Jackson, 810 So.2d at 547. Because the deprivation of the right to due process constitutes fundamental error, a harmless error review is not appropriate. See Nagel v. State, 758 So.2d 1206, 1207 (Fla. 4th DCA 2000); see also F.B. v. State, 852 So.2d 226, 227 (Fla.2003) (holding that fundamental error may be raised for the first time on appeal); Tait, 387 So.2d at 341 (finding that the State's suggestion that the absence of a request for a competency hearing constituted a waiver was erroneous); Metzgar, 741 So.2d at 1183 ("`A defendant who is presumptively *1244 incompetent is not sui juris until so declared by the court, so he cannot waive a competency hearing.'") (quoting Alexander, 380 So.2d at 1190); Holland, 634 So.2d at 815 (holding that the appellant's failure to request a competency hearing did not constitute a waiver of the court's duty to hold a hearing). Accordingly, we reverse appellant's convictions and remand for new trials,[2] provided that the court holds a competency hearing and finds that appellant is competent to proceed. See Holland, 634 So.2d at 815 (reversing the appellant's convictions and remanding for a new trial contingent upon a finding of competence because, as a result of the court's failure to conduct a competency hearing prior to trial, the appellant, who had previously been declared incompetent, remained so throughout the trial). Given our disposition with respect to this issue, it is unnecessary to reach appellant's other point raised on appeal.
REVERSED and REMANDED.
DAVIS, LEWIS and POLSTON, JJ., concur.
NOTES
[1] Notably, the Second District rejected the argument that the competency determination was rendered invalid because it was made after the probation hearing. See id. at 1183 n. 1.
[2] Appellant stood trial twice after the counts against him were severed.