946 So.2d 1103 (2006)
Carlos MOLINA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2121.
District Court of Appeal of Florida, Fifth District.
December 8, 2006.
*1104 James S. Purdy, Public Defender, and Robert E. Wildridge, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Carlos Molina contends that after he was found incompetent to proceed with his trial, he was subsequently tried and convicted by a jury without a hearing to determine whether his competence had been restored and without a finding by the trial court to that effect. Molina claims that this constitutes fundamental error that requires reversal of his conviction and sentence. We agree.
Molina was arrested and charged with the crime of robbery with a firearm in November 2002. Molina's mental competence was raised as an issue, and after Judge Anthony Johnson found Molina incompetent to proceed with his trial, Molina was placed in the custody of the Department of Health and Family Services for appropriate treatment. A couple of months later, the Department produced a report that declared Molina to be competent and a malingerer. Molina was ordered to be transported back to the trial court for a competency hearing. Judge Frank Kaney, a successor judge, set the case for trial on April 4, 2005. On that date, a third judge, Judge Jose Rodriguez, proceeded with Molina's trial. When the issue of Molina's competence was raised once again, the trial judge, over Molina's objection, considered two reports made before Molina was found incompetent to proceed and the transcript of a witness who had testified at a prior hearing before Judge Kaney. The trial judge declined to hear testimony from Molina's witness regarding his competency to proceed. Without specifically finding Molina competent, the trial judge ordered the trial to commence. Molina objected to proceeding without further evaluation of his competence. That objection was overruled.
As the voire dire examination commenced, Molina, seated at the defense table with one half of his head completely shaved, began to hurl verbal vulgarities and obscenities in Spanish at Judge Rodriguez. Logic dictates that when a criminal *1105 defendant insults the person charged with control of the keys to the jailhouse doors, a strong possibility exists that the defendant may have serious mental health issues that should be addressed. But rather than proceed with further inquiry into Molina's competence, the trial judge found Molina in contempt of court and sentenced him to 179 days in jail. The jury was dismissed and the trial was continued to a later date. With Molina either absent from trial or required to attend via closed circuit television from another room in the courthouse, the subsequent trial ended with a verdict of guilty.
Molina claims, and the State agrees, that Molina was never provided a proper hearing to determine his competence and that Molina never agreed that reports would be considered by the trial court to determine his competency. It is not necessary to dwell too much upon the applicable law; the general principles have been firmly established by the courts and many of them have been codified in the rules of criminal procedure. Once found incompetent, a presumption clings to the criminal defendant that the state of incompetence persists until a court, after proper notice and a hearing, finds otherwise. Jackson v. State, 880 So.2d 1241 (Fla. 1st DCA 2004); Sledge v. State, 871 So.2d 1020 (Fla. 5th DCA 2004). The procedure for subsequent hearings to determine whether competency has been restored is found in rule 3.212, Florida Rules of Criminal Procedure, which requires that within thirty days of receipt of a report from the administrator of the facility in which a defendant is being treated stating that the defendant no longer meets the criteria for commitment or has become competent to proceed, see Fla. R.Crim. P. 3.212(c)(5), the court must hold a competency hearing. Fla. R.Crim. P 3.212(c)(6); Jackson; Samson v. State, 853 So.2d 1116, 1117 (Fla. 4th DCA 2003). A proper hearing to determine whether competency has been restored requires "the calling of court-appointed expert witnesses designated under Florida Rule of Criminal Procedure 3.211, a determination of competence to proceed, and the entry of an order finding competence." Samson, 853 So.2d at 1117; Jackson.[1] It is appropriate for the trial court to consider reports to determine the defendant's competence, but only if the parties agree. Blow v. State, 902 So.2d 340 (Fla. 5th DCA 2005); Johnson v. State, 855 So.2d 218 (Fla. 5th DCA 2003).[2] Here, Molina never agreed to have the trial court consider any reports.
Until the presumption of continued incompetence dissipates, the criminal defendant may not be tried for the crimes *1106 for which he or she is charged. Violation of this principle constitutes fundamental error. Jackson. Because Molina was never provided a proper competency hearing and an adjudication of competency was never made, the trial court erred in proceeding with Molina's trial.
Moreover, even if Molina had been properly adjudicated competent to proceed, his prior adjudication of incompetence in conjunction with his bizarre behavior during his first trial and his counsel's request for a competency evaluation at that time should have given the trial court reasonable grounds to believe that Molina was incompetent, necessitating further inquiry. See Culbreath v. State, 903 So.2d 338 (Fla. 2d DCA 2005); Burns v. State, 884 So.2d 1010 (Fla. 4th DCA 2004); Brockman v. State, 852 So.2d 330 (Fla. 2d DCA 2003); see also Harris v. State, 864 So.2d 1252 (Fla. 5th DCA 2004). A defendant has a due process right to a determination of competency to proceed to trial whenever it appears reasonably necessary. See Carrion v. State, 859 So.2d 563, 565 (Fla. 5th DCA 2003) ("If the trial judge has reasonable grounds to believe that a criminal defendant is not competent to proceed, then the court must conduct a competency hearing."); see also Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). Florida Rule of Criminal Procedure 3.210(b) implements this right and places upon the trial court the responsibility to order a competency hearing on its own motion whenever it has reasonable grounds to believe that the defendant is not competent to proceed. See Lane v. State, 388 So.2d 1022, 1025 (Fla.1980). This is a continuing obligation, which may require the trial court to revisit the issue after a defendant has been declared competent to proceed. Nowitzke v. State, 572 So.2d 1346 (Fla.1990); Culbreath. A trial court's failure to do so constitutes an abuse of discretion. See Burns, 884 So.2d at 1013-14 (citing Robertson v. State, 699 So.2d 1343 (Fla.1997), receded from on other grounds by Delgado v. State, 776 So.2d 233 (Fla.2000); Fowler v. State, 255 So.2d 513 (Fla.1971)).
We conclude that Molina's conviction and sentence must be reversed. We remand this case for a new trial contingent upon a determination that Molina is competent to stand trial.
REVERSED and REMANDED.
TORPY and EVANDER, JJ., concur.
NOTES
[1] The order should be in writing. In the event the trial court orally finds the defendant competent to proceed, the appellate court may remand the case for entry of a written nunc pro tunc order. See Bailey v. State, 931 So.2d 224 (Fla. 1st DCA 2006); Boone v. State, 805 So.2d 1040 (Fla. 4th DCA 2002); Corbitt v. State, 744 So.2d 1130 (Fla. 2d DCA 1999).
[2] This court in Johnson explained:

Rules 3.212(c)(6) and (7), Florida Rules of Criminal Procedure, provide that within 30 days of receiving notice that a defendant has regained competence, a court shall hold a hearing to determine if a defendant is competent to proceed. If the court so determines, it must adjudicate the defendant competent to proceed. Here, the record reveals that no such hearing was held, no such adjudication was made, and defendant's legal status at the time of sentencing was still one of incompetence. While the State asserted Appellant was competent to proceed, the State, in so asserting, appears to have been relying only on DCF's letter and not on any prior adjudication of competency by the court. Without such an adjudication, it was error to proceed to sentencing.
855 So.2d at 220.