965 So.2d 294 (2007)
Erick James ERICKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2388.
District Court of Appeal of Florida, Fifth District.
September 14, 2007.
James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
In July, 2001, Erickson entered a no contest plea to violation of probation charges. He fled the state prior to his scheduled sentencing date. Eventually, Erickson was re-arrested. He was returned to Florida in August, 2003, and a new sentencing date was scheduled. Prior to the new sentencing date, Erickson's counsel filed a motion to determine Erickson's competency. The trial court ultimately determined that Erickson was incompetent to proceed and, in August, 2004, he was committed to the Department of Children and Families (DCF). In December, 2004, DCF advised the trial court that Erickson had regained his competency. Over defense counsel's objection, the trial court subsequently proceeded to sentencing without first holding a new competency hearing. We reverse.
Florida Rule of Criminal Procedure 3.210(a) provides that a person accused of violation of probation "who is mentally incompetent to proceed at any material stage of a criminal proceeding shall not be proceeded against while incompetent." Furthermore, once adjudicated incompetent, the legal status of a defendant cannot change from incompetent to competent without a hearing. Sledge v. State, 871 So.2d 1020 (Fla. 5th DCA 2004); *295 see also Molina v. State, 946 So.2d 1103 (Fla. 5th DCA 2006); Samson v. State, 853 So.2d 1116 (Fla. 4th DCA 2003); Blue v. State, 837 So.2d 541 (Fla. 4th DCA 2003). A determination by DCF that a criminal defendant has regained competency is insufficient to change the defendant's legal status. It is the trial court's responsibility, after a hearing, to determine whether a defendant has regained his competency in order to proceed. Sledge, 871 So.2d at 1021.
Erickson also contends that the trial court erred in failing to hold a hearing on his pro se motion to discharge counsel. This motion was filed during the period of time in which Erickson was adjudicated incompetent to proceed. We conclude that if Erickson is adjudicated competent, the trial court will need to inquire whether Erickson still seeks to discharge his counsel.
This cause is remanded for a competency hearing and a new sentencing proceeding if Erickson is found competent to proceed.
REVERSED and REMANDED.
GRIFFIN and ORFINGER, JJ., concur.