PER CURIAM.
In this direct criminal appeal, appellant seeks review of a judgment adjudicating her guilty of grand theft auto and a sentence to two years in prison following revocation of her probation based on her admission that she had, in fact, violated that probation. She claims that, because she had previously been found to be incompetent to proceed, her right to due process of law was violated when her admission to a violation of probation was accepted and she was adjudicated guilty and sentenced without first holding a hearing, pursuant to Florida Rule of Criminal Procedure 3.212, to determine whether she was competent. The state properly concedes error. See Jackson v. State, 880 So.2d 1241 (Fla. 1st DCA 2004); Holland v. State, 634 So.2d 813 (Fla. 1st DCA 1994). Accordingly, we reverse the order holding that appellant had violated her probation, the judgment, and the sentence, and remand with directions that the trial court hold a hearing to determine whether appellant is competent before proceeding on the affidavit alleging a violation of probation.
REVERSED and REMANDED, with directions.
ALLEN, WEBSTER, and VAN NORTWICK, JJ„ concur.