PER CURIAM.
Appellant challenges the trial court’s determination that his competency had been restored. The trial court based this determination on a medical report filed by the Department of Children and Families (“DCF”). Appellant argues that the trial court departed from the essential requirements of the law when it disregarded the required competency hearing procedures, based its decision solely on the report filed by DCF, refused to conduct an evidentiary hearing, and did not permit cross-examination or the introduction of defense evidence. The trial court also failed to enter a written order on its determination. The State properly concedes error.
Appellant is charged in one case with attempted first-degree murder, two counts of aggravated battery with great bodily harm, and three counts of aggravated assault with a deadly weapon. In another case, Appellant is charged with first-degree murder, attempted first-degree murder, use or display of a weapon while under indictment, and possession of a firearm by a convicted felon.
Appellant was evaluated by two court-appointed experts who opined that he suffered from mental illnesses and was incompetent to proceed. After a hearing on February 16, 2012, the court adjudicated Appellant incompetent and entered an order committing him to DCF for treatment to restore competency. Less than six weeks later, the treatment facility’s administrator reported that Appellant had regained competency and returned him to the Orange County Jail. On April 19, 2012, at Appellant’s competency hearing, the trial court accepted DCF’s administrator’s report, over defense counsel’s objection, and found Appellant competent to proceed in both cases. The hearing lasted under four minutes. During the hearing, defense counsel stated that he had “grave concerns” about his client’s competency. The trial court acknowledged defense counsel’s concerns but stated that Appellant’s return to jail from DCF custody indicated “that he is competent to proceed.” The trial court refused defense counsel’s requests to hold an evidentiary hearing and to cross-examine the DCF examining physician who had authored the report finding Appellant competent to proceed. Nor was Appellant permitted to present evidence from his own doctors— who had determined that Appellant was not competent to proceed — to rebut DCF’s finding of competency.
Florida Rule of Criminal Procedure 3.210(a) provides that “[a] person accused of an offense ... who is mentally incompetent to proceed at any material stage of a criminal proceeding shall not be proceeded against while incompetent.” See Jones v. State, 740 So.2d 520 (Fla. 1999) (stating due process prohibits states from trying and convicting incompetent defendants). It is well-settled that the legal status of a defendant cannot be adjudicated from incompetent to competent without the benefit of a hearing. Alexander v. State, 380 So.2d 1188, 1190 (Fla. 5th DCA 1980); accord Parks v. State, 290 So.2d 562, 563-64 (Fla. 4th DCA 1974) (holding that legal status of appellant could not be adjudicated from incompetent to competent without a hearing); see Fla. R. Crim. P. 3.212(c)(7) (“If, at any time after such commitment, the court decides, after healing, that the defendant is competent to proceed, it shall enter its order so finding and shall proceed.” (emphasis added)). “A proper hearing to determine whether competency has been restored requires the calling of court-appointed expert witnesses designated under Florida Rule of Criminal
*135 Procedure 3.211, a determination of competence to proceed, and the entry of a [written] order finding competence.” Molina v. State, 946 So.2d 1103,1105 (Fla. 5th DCA 2006) (internal quotation omitted); see Sledge v. State, 871 So.2d 1020, 1021 (Fla. 5th DCA 2004) (reversing for competency hearing because trial court based competency solely on DCF’s clinical evaluation without formal hearing).
Here, the abbreviated proceeding fell far short of a proper adjudicatory hearing. Accordingly, we grant the petition and quash the challenged order.
PETITION GRANTED; ORDER QUASHED.
TORPY, LAWSON and COHEN, JJ„ concur.