NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EDWIN ROMAN,                          )
                                      )
            Appellant,                )
                                      )
v.                                    )      Case No.   2D09-5159
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
_____)

Opinion filed February 13, 2015.

Appeal from the Circuit Court for Polk
County; Michael E. Raiden, Judge.

Howard L. Dimmig, II, Public Defender,
and Matthew D. Bernstein, Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn A. Tiffin,
Assistant Attorney General, Tampa,
for Appellee.


KELLY, Judge.

        Edwin Roman appeals from his judgment and sentences for sexual battery

on a person less than twelve years of age, lewd molestation, and battery. He argues

that the trial court erred by failing to hold a competency hearing before proceeding to

trial. We agree.

While Roman was in custody for the charged offenses, his defense counsel moved to have him examined by a mental health expert. A court-appointed expert determined that Roman was mentally incompetent. The trial court adjudicated Roman incompetent to proceed and committed him to the Department of Children and Families' treatment facility. A few months later, the expert reported that Roman had regained competence. Although Roman's competency was discussed at a motion to suppress hearing with regard to the voluntariness of his statements to police, a hearing specifically to determine Roman's competence was never held. During trial, the court noted, "[O]ften times the defense will want [the defendant] to be evaluated by someone locally that they know. That appears to have been done because there is no other explanation. So as far as I'm concerned mental health issues in this case were amply explored by [defense counsel]."

"Once found incompetent, a presumption clings to the criminal defendant that the state of incompetence persists until a court, after proper notice and a hearing, finds otherwise." Molina v. State, 946 So. 2d 1103, 1105 (Fla. 5th DCA 2006). Florida Rule of Criminal Procedure 3.212(c)[1] provides that when the court receives notice that a

---

[1]Rule 3.212(c) states, in pertinent part, as follows:

(6) The court shall hold a hearing within 30 days of the receipt of any such report from the administrator of the facility on the issues raised thereby. If, following the hearing, the court determines that the defendant continues to be incompetent to proceed and that the defendant meets the criteria for continued commitment or treatment, the court shall order continued commitment or treatment for a period not to exceed 1 year. When the defendant is retained by the facility, the same procedure shall be repeated prior to the expiration of each additional 1-year period of extended commitment.

defendant has regained competence, the court shall hold a hearing to determine if a defendant is competent to proceed.  Jackson v. State, 880 So. 2d 1241, 1242 (Fla. 1st DCA 2004) ("A defendant's legal status cannot be adjudicated from incompetent to competent without the benefit of a hearing.").  A hearing to determine whether competency has been restored requires the calling of court-appointed expert witnesses, a determination of competence, and the entry of an order adjudicating the defendant to be competent to proceed.  S.B. v. State, 134 So. 3d 528, 529 (Fla. 4th DCA 2014).  If the parties agree, the trial court can make its competency determination based solely on experts' reports.  Blow v. State, 902 So. 2d 340, 342 (Fla. 5th DCA 2005).  "Until the presumption of continued incompetence dissipates, the defendant may not be tried for the crimes for which he or she is charged.  Violation of this principle constitutes fundamental error."  Molina, 946 So. 2d at 1105-06 (citing Jackson, 880 So. 2d 1241).  A defendant who is presumptively incompetent cannot waive his right to a competency determination.  Metzgar v. State, 741 So. 2d 1181, 1183 (Fla. 2d DCA 1999).

In this case, the parties did not stipulate to have the trial court decide Roman's competency on the basis of experts' reports.  Rather, the court improperly assumed that defense counsel had investigated Roman's competence.  See Jones v. State, 125 So. 3d 982, 984 (Fla. 4th DCA 2013) (holding that the task of determining competency "is expressly left to the trial judge and that authority may not be delegated to the lawyers in the case"); Macaluso v. State, 12 So. 3d 914 (Fla. 4th DCA 2009)

---

(7) If, at any time after such commitment, the court decides, after hearing, that the defendant is competent to proceed, it shall enter its order so finding and shall proceed.

(concluding that after the defendant had been found to be incompetent, the trial court abused its discretion in declining to conduct a competency hearing before holding trial based on defense counsel's representation that the defendant had been evaluated and had regained competence), approved by Dougherty v. State, 149 So. 3d 672 (Fla. 2014).

"Generally, the remedy for a trial court's failure to conduct a proper competency hearing is for the defendant to receive a new trial, if deemed competent to proceed on remand." Dougherty, 149 So. 3d at 678-79 (citing Pate v. Robinson, 383 U.S. 375, 386-87 (1966), and Tingle v. State, 536 So. 2d 202, 204 (Fla. 1988)). However, a new trial may not be necessary if the defendant's competency can be determined retroactively. Id. at 679. "[A] nunc pro tunc competency evaluation could be done where 'there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing.' " Id. (quoting Mason v. State, 489 So. 2d 734, 737 (Fla. 1986)). Nevertheless, if the trial court finds that an evaluation of the defendant's competency at the time of trial cannot be conducted in such a manner as to assure the defendant due process of law, the court must grant a new trial. Id.

We set aside Roman's convictions and remand for a competency hearing. If the trial court can determine retroactively that Roman was competent to proceed before the trial commenced, the convictions and sentences may be reinstated. Because of this possibility, we must address Roman's remaining argument on appeal that his sentence of fifty-five years in prison followed by twenty-five years of probation is cruel and unusual punishment under the Eighth Amendment to the United States

Constitution and article I, section 17 of the Florida Constitution and violates Graham v. Florida, 560 U.S. 48 (2010). The Supreme Court in Graham held that a defendant who was a juvenile when he or she committed a nonhomicide offense cannot be sentenced to life in prison without any opportunity for release. Id. at 74-75. Roman, who was seventeen years old when the offenses occurred, contends that although the trial court did not sentence him to life in prison, the sentence he received violates the spirit of Graham because it is the functional equivalent of a life sentence.

This court has interpreted Graham to prohibit the imposition of an actual life sentence on a juvenile offender for a singular nonhomicide offense, not to prohibit a lengthy term-of-years sentence that may constitute a de facto life sentence. Walle v. State, 99 So. 3d 967, 970 (Fla. 2d DCA 2012) (analyzing the factors in Graham for determining whether a total sentence of sixty-five years for eighteen offenses is constitutionally excessive as applied to a juvenile); see also Lee v. State, 130 So. 3d 707, 710 (Fla. 2d DCA 2013) (following Walle and affirming a juvenile offender's forty-year prison term); Young v. State, 110 So. 3d 931, 935-36 (Fla. 2d DCA 2013) (upholding four concurrent thirty-year prison sentences imposed on a defendant who was fourteen and fifteen years old when he committed a series of armed robberies). Because the argument made by Roman has previously been rejected by this court, we are constrained to affirm Roman's sentence.

However, because the First District has held that a term-of-years sentence that results in a de facto life sentence is illegal, Adams v. State, 37 Fla. L. Weekly D1865 (Fla. 1st DCA Aug. 8, 2012), we certify conflict. See Walle, 99 So. 3d at 973 (certifying conflict with Adams).

Accordingly, we reverse Roman's convictions and remand so that the trial court can conduct a competency hearing. If a retroactive determination of competency is possible, Roman's convictions and sentences may be reinstated. If the trial court cannot determine from the record that Roman was competent before trial, the court must grant a new trial.

Reversed and remanded.

DAVIS, C.J., and LaROSE, J., Concur.