DANIEL S. PEARSON, Judge.
Alleging that he is and has been mentally incompetent for more than five years, and there is no substantial probability that he will become mentally competent to stand trial in the foreseeable future, Vasquez moved to dismiss the charges against him pursuant to Florida Rule of Criminal Procedure 3.213(b).[1] Because the parties stipulated that Vasquez met the criteria for involuntary hospitalization and that five years had passed since he was first adjudicated incompetent to stand trial, the sole issue before the trial court was whether the evidence was sufficient to show that there was “no substantial probability that the defendant will become mentally competent to stand trial in the foreseeable future.” After hearing, the trial court concluded that the evidence had not so shown and denied the motion to dismiss.[2]
Were we to reach the merits of this appeal, we would affirm the trial court’s *395 ruling, since there is substantial competent evidence to support it. However, we decline to reach the merits and instead dismiss the defendant’s appeal upon a holding that an order, as here, declining to dismiss charges under Rule 3.213(b) against a defendant who indisputably must remain involuntarily hospitalized, has no real effect upon the defendant, and thus, he cannot be heard to complain about the ruling.[3] As Rule 3.213(b) tells us, if the charges are dismissed, the judge must order that the hospital administrator notify the State Attorney at least thirty days prior to the anticipated date of the release of the defendant, and the State Attorney may refile the charges; a dismissal vests in the defendant no substantive right to oppose the later reinstitution of the charges, or to assert that the delay violates his right to a speedy trial or any right created by a statute of limitation. Ricciardelli v. State, 453 So.2d 199 (Fla. 4th DCA 1984). And, where, as here, the defendant meets the criteria for involuntary hospitalization, a dismissal does nothing to change his status — he will remain hospitalized.[4]
It thus appears to us that Rule 3.213(b) applies to this case, in effect, as a rule of judicial administration. The rule authorizes — indeed mandates — that charges against a defendant be dismissed by the court under the circumstances described and shifts the responsibility to the State Attorney to later determine whether to refile the charges. In essence, then, the court has no further responsibility for the ease once dismissed, and the case is removed from the judicial system unless, as with any initial filing, the prosecutor’s office chooses to restore it in the courts. The rule is one which, when its requirements are met, tells the trial court to clear its docket of cases which will not come to trial in the foreseeable future.
Therefore, in keeping with the time-honored proposition that only a party injuriously affected by the judgment or order sought to be reviewed may appeal therefrom, we dismiss the instant appeal. See Bessemer Properties, Inc. v. City of Opal- *396 ocka, 74 So.2d 296 (Fla.1954); King v. Brown, 55 So.2d 187 (Fla.1951).
*395 "In toto, there are serious disputes among the experts as to what mental illness the Defendant suffers from; the true severity of the Defendant’s ailment in terms of the legal issues of incompetence to stand trial; and how treatment should proceed. However, there is no dispute that the Defendant is treatable and no dispute that the Defendant could be made competent within a period of time that this Court deems to be ‘the foreseeable future.’ ’’ (emphasis in original).
*396 Appeal dismissed.

. The rule provides:
"(b) If at any time after five years after determining a person incompetent to stand trial when charged with a felony or one year when charged with a misdemeanor, the court, after hearing, determines that the defendant remains incompetent to stand trial, that there is no substantial probability that the defendant will become mentally competent to stand trial in the foreseeable future and that the defendant does meet the criteria for involuntary hospitalization set forth by law, the court shall dismiss the charges against the defendant and commit the defendant to the Department of Health and Rehabilitative Services for involuntary hospitalization or residential services solely under the provisions of law, or may order that he receive outpatient treatment at any other facility or service on an outpatient basis subject to the provisions of those statutes. In the order of commitment, the judge shall order that the administrator of the facility notify the State Attorney of the committing circuit no less than 30 days prior to the anticipated date of release of the defendant.”

. The trial court based this negative finding on the following evidence recited in the order denying dismissal:
"In 1981, experts from the Department of Health and Rehabilitative Services reported to *395 this Court that the Defendant was competent to stand trial. At present, new experts, one of whom only recently took over the Defendant’s case, diagnosed the Defendant’s illness as one of severe depression. One court-appointed doctor testified that, assuming the diagnosis to be depression, the Defendant was being given medication by the Department which treated the Defendant for a totally different ailment; namely, the Defendant being psychotic. Another court-appointed doctor testified that there was not an insubstantial probability that the Defendant was consciously making himself appear more mentally ill than he in fact was. Those experts who have recently seen the defendant all support a view that the Defendant’s mental illness is treatable. There is a dispute as to the length of time that will be necessary for the Defendant to become competent. One doctor testified that the Defendant could become competent anywhere from three weeks to three years. None of the doctors testified that the Defendant’s health would be jeopardized by alteration in the dosages of medication now being used or by a change in the type of medication being used.

. We fully recognize that our decision directly conflicts with the decision of the Fourth District in Ricciardelli v. State, 453 So.2d 199 (Fla. 4th DCA 1984), wherein our sister court entertained a like appeal on the theory that although denials of motions to dismiss are not ordinarily appeal-able, the possibility that an incompetent defendant may never be brought to trial on the merits effectively would deny such defendant review of the trial court’s decision. As we see it, a defendant is no more entitled to review of his Rule 3.213(b) motion to dismiss at this time than he would be after his conviction on the charges.

. If, on the other hand, a defendant does not meet the criteria for involuntary hospitalization and is nonetheless hospitalized, it is not the provisional dismissal, but rather the decision to hospitalize, that affects the defendant. If, therefore, the defendant claims that the latter decision is erroneous, his attack should be directed to it, although if successful, he will likely accomplish no more than changing the situs of his pretrial detention from a hospital to a jail.