JORGENSON, Judge.
Joaquin Zabalo seeks review of an order of the trial court denying his motion to dismiss the indictment against him pursuant to Fla.R.Crim.P. 3.213(b). For the reasons which follow, we deny the relief requested.
On May 21,1981, Zabalo was charged by indictment with first-degree murder, attempted first-degree murder, two counts of aggravated assault, and unlawful possession of a firearm during the commission of a felony. On proper motion, the trial court ordered a competency evaluation and, on September 3, 1981, found Zabalo incompetent to stand trial. Zabalo was committed to the care of the Department of Health and Rehabilitative Services. He was treated at both the North Florida and South Florida Evaluation and Treatment Centers.
On September 24, 1986, precisely five years after having been adjudged incompetent, Zabalo moved to dismiss the indictment pursuant to Fla.R.Crim.P. 3.213(b).[1] The trial court conducted an evidentiary hearing and received testimony from five mental health care professionals who expressed divergent opinions regarding Zaba-lo’s potential for competency in the foreseeable future.
Carolina Montoya, a member of the clinical staff at the South Florida Center, had been involved in Zabalo’s treatment for a period of ten months. She characterized Zabalo as a chronic paranoid schizophrenic and stated that she did not believe that Zabalo would regain his competency. Dr. Beltran Pages, a psychiatrist at the South Florida Center, had treated Zabalo over a seven-month period. Dr. Pages diagnosed Zabalo as a bi-polar manic depressive who was hopelessly incompetent. Dr. Norman Reichenberg, a psychologist appointed by the trial court to render an opinion regarding Zabalo’s prognosis for competency, examined Zabalo for one hour. Based upon his examination and the results of psychological tests, Dr. Reichenberg concluded that Zabalo was grossly psychotic and unlikely to attain competency in the foreseeable future. Dr. Anastasio Castiello, a court-appointed psychiatrist, examined Za-balo twice in 1981 and again in 1986. Dr. Castiello diagnosed Zabalo as psychotic but believed that Zabalo was accelerating or exaggerating his mental condition in order to appear demented. In Dr. Castiello’s opinion, Zabalo’s awareness of his “situation” regarding the indictment for first-degree murder motivated his desire not to *703 improve his mental health. Dr. Castiello stated that there was a possibility that Zabalo could become competent to stand trial if he were willing to cooperate in his treatment. Finally, Dr. Sanford Jacobson, another court-appointed psychiatrist, testified that he believed that Zabalo could achieve competency in the foreseeable future. Dr. Jacobson had examined Zabalo in 1981 and again in 1986. Dr. Jacobson agreed with the other experts that Zabalo was indeed mentally ill; in his view, Zabalo was a chronic paranoid schizophrenic. However, Dr. Jacobson believed that Zaba-lo’s awareness of the criminal charges against him prompted him to behave in an evasive and uncooperative manner regarding psychiatric treatment and thus impeded his “recovery.”
After hearing the testimony of the five experts, the trial court denied Za-balo’s motion to dismiss the indictment. Despite the conflicts in the testimony, the trial court credited the opinions of Drs. Castiello and Jacobson with greater weight. We find sufficient evidence to support the trial court’s conclusion that there was a substantial probability that Zabalo would become mentally competent to stand trial in the foreseeable future. On this record we cannot say that the trial court departed from the essential requirements of law by affording greater weight to the testimony of two of the experts. See Vasquez v. State, 496 So.2d 818 (Fla.1986) (no denial of essential requirements of law in trial court’s finding that it was foreseeable that defendant could become competent to stand trial notwithstanding conflicting evidence on possibility of defendant’s regaining his competency).
The petition for writ of certiorari is denied.

. Rule 3.213(b) provides:
If at any time after five years after determining a person incompetent to stand trial when charged with a felony or one year when charged with a misdemeanor, the court, after hearing, determines that the defendant remains incompetent to stand trial, that there is no substantial probability that the defendant will become mentally competent to stand trial in the foreseeable future and that the defendant does meet the criteria for involuntary hospitalization set forth by law, the court shall dismiss the charges against the defendant and commit the defendant to the Department of Health and Rehabilitative Services for involuntary hospitalization or residential services solely under the provisions of law, or may order that he receive outpatient treatment at any other facility or service on an outpatient basis subject to the provisions of those statutes. In the order of commitment, the judge shall order that the administrator of the facility notify the State Attorney of the committing circuit no less than 30 days prior to the anticipated date of release of the defendant.