PER CURIAM.
Edrick Donaldson petitions this court for certiorari review of an order finding him competent to proceed with respect to pending criminal charges. He complains that at his competency hearing, the trial court considered only the testimony of the two experts appointed by the court pursuant to Florida Rule of Criminal Procedure 3.210(b), and refused to allow defense counsel to present or even proffer the testimony of a third expert who had examined him.[1] Donaldson argues that in so doing, the trial court deprived him of his due process right to a meaningful hearing concerning his present competency to proceed.
In order for an appellate court to review a nonfinal order by certiorari, the *1222 petitioner must demonstrate that the trial court departed from the essential requirements of law, thereby causing irreparable injury that cannot be remedied on appeal following final judgment. See Belair v. Drew, 770 So.2d 1164 (Fla.2000). Here, we conclude that petitioner has made an adequate preliminary showing that the trial court’s actions constitute a departure from the essential requirements of law. In addressing the admissibility of evidence in a competency hearing, Florida Rule of Criminal Procedure 3.212(a) provides that “[t]he experts preparing the reports may be called by either party or the court, and additional evidence may be introduced by either party.” (Emphasis added). We interpret the express language of this rule as permitting the parties to present evidence in addition to that elicited from the court-appointed experts, and in light of the rule, we have difficulty discerning a lawful basis for the trial court’s actions in this case.
However, we are unable to conclude that petitioner has demonstrated that the trial court’s alleged error will result in an injury that cannot be remedied on appeal following final judgment. Petitioner relies on Vasquez v. State, 496 So.2d 818 (Fla.1986), and Patton v. State, 712 So.2d 1206 (Fla. 1st DCA 1998), to argue that certiorari is the proper vehicle to seek review of a pretrial order concerning a defendant’s competency to stand trial, but those cases involved situations in which the effect of the trial court’s order was to involuntarily commit the defendant on grounds of incompeteney to proceed. As the court observed in Vasquez, if certiorari review were not available in such a circumstance, an individual found to be incompetent to stand trial would have no appellate review of the sufficiency of the evidence on that issue, and could effectively be subject to indefinite commitment. 496 So.2d 819-820. In contrast, the fact that plenary appeal will afford Donaldson an adequate remedy is borne out by the reported cases in which convictions have been reversed as a consequence of some error by the trial court in determining that the defendant was competent to proceed. See, e.g., Jackson v. State, 880 So.2d 1241 (Fla. 1st DCA 2004); Samson v. State, 853 So.2d 1116 (Fla. 4th DCA 2003). Accordingly, we are constrained to deny the petition for writ of certiorari, without prejudice to Donaldson’s right to pursue this issue on direct appeal in the event of a conviction.
PETITION FOR WRIT OF CERTIO-RARI DENIED.
ERVIN, KAHN and BENTON, JJ., concur.

. One of the court-appointed experts testified to his belief that Donaldson was presently competent to proceed, while the other opined that he was not. In refusing to hear the testimony of the third expert, the trial court stated that it would not allow "tiebreakers.”