931 So.2d 148 (2006)
John HINES, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D05-5228.
District Court of Appeal of Florida, First District.
May 8, 2006.
Rehearing Denied June 12, 2006.
*149 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer and Maria Ines Suber, Assistant Public Defenders, Tallahassee, Attorneys for Petitioner.
Charlie Crist, Attorney General, Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, Attorneys for Respondent.
THOMAS, J.
Petitioner seeks certiorari review of the trial court's order denying his motion to dismiss his pending criminal charge. In his motion to dismiss, Petitioner alleges that the criminal charge against him must be dismissed pursuant to section 916.303(1), Florida Statutes (2002). The issue before us is whether section 916.303(1) creates a substantive right requiring dismissal of criminal charges, without prejudice, against a mentally retarded defendant who remains incompetent to proceed for more than two years. Because we hold that the Legislature granted Petitioner a substantive right to dismissal of the criminal charge after two years when it enacted section 916.303(1), we grant Petitioner's writ.
Petitioner was charged with second-degree murder in 2001 and found to be incompetent to proceed due to mental retardation in 2002. Three years later, Petitioner filed his motion to dismiss.
At the motion hearing, the director for a residential program for developmentally disabled adults testified that if the trial court dismissed Petitioner's pending criminal charge, the Agency for Persons with Disabilities would seek to have Petitioner involuntarily admitted under section 393.11, Florida Statutes (2002). The trial court found that Petitioner remained incompetent to proceed based on his mental retardation and that "there [was] no likelihood that [Petitioner] will regain competency within the near future." However, the trial court denied Petitioner's motion to dismiss, relying on Byrd v. State, 834 So.2d 872 (Fla. 1st DCA 2002) (Benton and Lewis, JJ., concur in result only), review dismissed, 880 So.2d 616 (Fla.2004), rather than following the clear language of section 916.303(1). In Byrd, Judge Miner explained that Florida Rule of Criminal Procedure 3.213(a) "superseded" section 916.303(1). Id. at 873.
Florida Rule of Criminal Procedure 3.213(a) states:
Dismissal without Prejudice during Continuing Incompetency. If at any time after 5 years after determining a person incompetent to stand trial ... the court. . . determines that the defendant remains incompetent to stand trial ..., that there is no substantial probability that the defendant will become mentally competent to stand trial ... in the foreseeable future, and that the defendant does not meet the criteria for commitment, it shall dismiss the charges against the defendant without prejudice to the state to refile the charges should the defendant be declared competent to proceed in the future.
(Emphasis added.)
Section 916.303(1), Florida Statutes (2002), conflicts with rule 3.213(a), and it states:
The charges against any defendant found to be incompetent to proceed due to retardation ... shall be dismissed without prejudice to the state if the defendant remains incompetent to proceed within a reasonable time after such determination, not to exceed 2 years, unless the court in its order specifies its reasons for believing that the defendant will become competent to proceed within the foreseeable future and specifies the time within which the defendant is expected to become competent to proceed.
(Emphasis added.)
When a statute conflicts with a rule, as here, the conflict is resolved by *150 determining whether the subject of the conflict is procedural or substantive. When a statute confers a substantive right, a conflicting procedural rule is invalid as a violation of separation of powers under article II, section 3 of the Florida Constitution because a rule of procedure cannot enact substantive law. See In re Amendments to Fla. Rules of Civil Procedure, 682 So.2d 105, 105-06 (Fla.1996) (rejecting a proposed amendment allowing trial courts to determine a qualifying party's entitlement to attorney's fees under offer of judgment statutes because "we must respect the legislative prerogative to enact substantive law"); Timmons v. Combs, 608 So.2d 1, 2-3 (Fla.1992) (stating that a procedural rule cannot affect determination of a party's entitlement to attorney's fees, which is a substantive determination). Further, when a rule of procedure attempts to create a substantive right, it violates the Legislature's authority under article III of the Florida Constitution to enact substantive law. See Johnson v. State, 336 So.2d 93, 95 (Fla.1976) (noting that the Legislature has the power to enact substantive law under article III, section 1 of the Florida Constitution).
Similarly, a statute which attempts to regulate practice and procedure is unconstitutional under the separation of powers provision in article II, section 3 of the Florida Constitution, and it violates the supreme court's rulemaking authority under article V, section 2(a) of the Florida Constitution. See State v. Garcia, 229 So.2d 236, 237-38 (Fla.1969) (holding that the right to waive a jury trial is a procedural matter which the supreme court may enact, therefore, the rule allowing a defendant to waive his right to a jury trial supersedes a statute requiring a jury to decide a capital case).
The Florida Supreme Court has recognized that legislation requiring dismissal of a juvenile delinquency petition not filed within a certain time period vests the juvenile with a substantive right to dismissal of the petition. See S.R. v. State, 346 So.2d 1018, 1019 (Fla.1977) (holding that a statute which required dismissal of a juvenile petition when the State failed to file the petition within 30 days superseded a procedural rule which gave the court discretion to dismiss the petition after the 30-day time period, because the statute "provides a juvenile with a substantive right and substantive statutes supersede procedural rules"); M.F. v. State, 583 So.2d 1383, 1386 (Fla.1991) (explaining that "[p]revious decisions of this Court reaffirm the strength of the legislature's policy decision to require the state to promptly file delinquency petitions.") (emphasis added). In addition, the Second District has followed the Supreme Court's reasoning and held that a juvenile has a substantive right to a dismissal of the petition. State v. L.H., 392 So.2d 294, 296 (Fla. 2d DCA 1980) (holding that a statute which required dismissal of juvenile delinquency petition when the State failed to file the petition within 45 days controlled over an inconsistent procedural rule requiring dismissal when the State failed to file the petition within 30 days because the statute was substantive).
We believe that S.R. controls here, as well as the similar logic of L.H. Here, as in S.R. and L.H., the Legislature created a substantive right to dismissal of criminal charges against an incompetent mentally retarded defendant after a certain time period. Because section 916.303(1) confers a substantive right, it takes precedence over rule 3.213(a). Therefore, Petitioner was entitled to have the criminal charge against him dismissed after two years.
We do not find the contrary result of Byrd persuasive, and Byrd is not precedent because it was signed by only one *151 judge. See 20 Am.Jur.2d Courts § 138 (2005). "A minority opinion has no binding precedential value." Id. "If a majority agree on the decision in the case, but less than a majority agree on the reasoning for the decision, the decision has no precedential effect." Id. The supreme court dismissed review in Byrd because it did not constitute an opinion which the supreme court could review. Byrd, 880 So.2d at 617. Thus, Byrd was not authority for determining whether the issue presented here was substantive or procedural.
As noted, section 916.303(1) provides that dismissal of criminal charges is without prejudice to the State to refile, should Petitioner become competent. In addition, section 916.14, Florida Statutes (2002), provides that "[t]he statute of limitations shall not be applicable to criminal charges dismissed because of the incompetency of the defendant to proceed."
Although the substantive right created by section 916.303(1) is conditional because the State may refile charges if Petitioner regains competency, this condition alone does not render section 916.303(1) inferior to rule 3.213(a). If the State possesses the constitutional authority to require dismissal of criminal charges with prejudice, the State certainly possesses the authority to require dismissal of criminal charges without prejudice. This distinction is quintessentially a "policy decision" within the prerogative of the legislative branch. See M.F., 583 So.2d at 1386.
When charges are dismissed against a mentally retarded defendant such as Petitioner, the State or the defendant's attorney may seek to involuntarily commit the defendant under certain conditions. See § 393.11, Fla. Stat. (2002). Section 916.303(1) simply grants a mentally retarded defendant, who is found incompetent to proceed, the right to have the charges against him dismissed after two years. However, nothing in section 916.303(1) prohibits civil commitment of the defendant to protect the defendant and the public from harm.
Because we hold that section 916.303(1) is a substantive law within the Legislature's authority to determine, and that it vests Petitioner with a substantive right to have the charge against him dismissed, we do not need to address whether Petitioner is entitled to release pending involuntary civil commitment proceedings under this court's decision in Mosher v. State, 876 So.2d 1230 (Fla. 1st DCA 2004).
The petition for certiorari is GRANTED and we remand with instructions to the trial court to dismiss the pending criminal charge without prejudice to the State to refile criminal charges. On remand, the trial court shall allow Petitioner to be involuntarily admitted to residential services under section 393.11, Florida Statutes, (2002), or such other appropriate action as the court may determine. In addition, the State is not precluded from pursuing any other appropriate action regarding Petitioner authorized by law.
Petition for Certiorari is GRANTED and REMANDED, with instructions.
VAN NORTWICK and HAWKES, JJ., concur.