PER CURIAM.
 

 Jerome Tita petitions for a writ of cer-tiorari, claiming that the trial court departed from the essential requirements of law in refusing to appoint additional experts and declining to once again determine his competency. We dismiss the petition.
 

 Tita is charged with attempted second degree murder for allegedly stabbing a man four times in the chest. He was previously committed to a state hospital for competency training following a hearing where he was declared incompetent to proceed. A doctor at the state hospital, where the defendant was committed, evaluated Tita and reported that he was competent and was malingering. Tita was returned to court and found competent.
 

 Less than a month later, Tita’s attorney filed a motion requesting appointment of experts and another competency determination. Fla. R.Crim. P. 3.210(b). As grounds for questioning Tita’s competency, the motion argued only:
 

 1. Undersigned has reason to believe that Defendant does not have rational understanding of the charges against him and or sufficient present ability to assist in his defense.
 

 2. Upon speaking to Defendant’s family, he has had mental health issues for quite some time now. According to the family residential treatment has been recommended.
 

 The court held a hearing on the motion. At the hearing, defense counsel provided no specific factual basis for counsel’s stated belief that Tita was incompetent. Counsel elaborated merely that “although
 
 *840
 
 I’m not expert in the field-I’ve been practicing criminal defense for essentially a little over eight years now — it’s my impression that competency may be an issue.” Counsel also offered: “My position is he’s probably decompensated since he’s been returned from the Florida State Hospital System.” Nothing more was offered to suggest that Tita was incompetent.
 

 Counsel indicated that he was instructed to obtain an order on the motion because the Office of Criminal Conflict and Civil Regional Counsel, for whom counsel works, was interested in litigating “the issue as to who’s responsible for payment.” The court denied the motion to appoint additional experts to evaluate defendant’s competency without prejudice for petitioner to show a reasonable ground for believing petitioner’s condition had changed since his evaluation at the state hospital.
 

 On Tita’s behalf, the Office filed this petition for writ of certiorari arguing that the trial court’s failure to appoint additional experts and again determine competency departs from the essential requirements of law.
 

 The petition fails to demonstrate that the order causes irreparable harm that cannot be remedied on appeal or that the trial court’s decision departs from the essential requirements of law. A preliminary showing of these elements is necessary to properly invoke this court’s jurisdiction to issue an extraordinary writ of certiorari.
 
 Bared & Co., Inc. v. McGuire,
 
 670 So.2d 153 (Fla. 4th DCA 1996).
 

 The petition argues that pursuant to Florida Rule of Criminal Procedure 3.210(b) the trial court was required to appoint two experts to evaluate Tita upon defense counsel’s motion. The petition quotes a prior version of Rule 3.210(b) which provided that, when a court has reasonable ground to believe that the defendant is not mentally competent to proceed, the court
 
 “shall
 
 order the defendant to be examined by no more than 3,
 
 nor fewer than 2,
 
 experts prior to the date of the competency hearing.” (emphasis supplied).
 

 This is no longer the law.
 
 See In re Amendments to the Florida Rules of Criminal Procedure,
 
 26 So.3d 534, 537 (Fla.2009) (amending Rule 3.210 to “reflect statutory changes relating to funding of experts and examinations to determine mental competency”); Ch. 2005-236, Laws of Fla. (amending section 916.115 to eliminate language requiring the court to appoint no fewer than two experts).
 

 The present rule provides that when a court has reasonable ground to believe a defendant is mentally incompetent during a material stage of a criminal proceeding the court
 
 “may
 
 order the defendant to be examined by
 
 no more than 3 experts,
 
 as needed, prior to the date of the hearing.” Fla. R.Crim. P. 3.210(b) (2010) (emphasis supplied). As discussed above, the statute relating to appointment of experts, section 916.115, was amended in 2005 to remove language that required a court to appoint no fewer than two experts. The current statute provides that a court “shall appoint no more than three experts ...” § 916.115(1), Fla. Stat. (2009). Thus, nothing in the statutes or rules requires a court to appoint a specific number of experts to evaluate a defendant’s mental competency.
 
 [1]
 

 While it is true that due process demands that a criminal defendant be psy-chiatrically evaluated if there is reason to doubt his competency,
 
 Scott v. State,
 
 420 So.2d 595 (Fla.1982), there is no constitutional right to two evaluations.
 
 *841
 

 D’Oleo-Valdez v. State,
 
 531 So.2d 1347, 1348 (Fla.1988).
 
 See also Drope v. Missouri,
 
 420 U.S. 162, 173, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975) (holding that a statute requiring only one expert evaluation was sufficient to protect a defendant’s right not to be tried while legally incompetent).
 

 The test of a defendant’s competency to stand trial is “whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him.”
 
 Dusky v. United States,
 
 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).
 

 In this case, defense counsel filed the motion for appointment of additional experts and another competency determination after the defendant had been released from a state hospital where he was under 24-hour monitoring. A doctor at the hospital evaluated Tita and found that he was malingering. The subsequent motion presented no reasonable ground to believe that the defendant was not competent to proceed. The court held two hearings on the motion at which counsel did not specify any facts, other than his con-clusory, non-expert opinion, for believing that defendant’s condition had changed or that he was not competent to proceed to trial.
 

 The petition is DISMISSED for lack of jurisdiction.
 
 See Donaldson v. State,
 
 895 So.2d 1220 (Fla. 1st DCA 2005).
 

 TAYLOR, DAMOORGIAN and CIKLIN, JJ., concur.
 

 [1]
 

 . The transcript filed in this court shows that the trial court advised defense counsel at the May 28, 2010 hearing that the rule had been changed. Nevertheless, this petition quoted the prior version of Rule 3.210(b). A different attorney filed this petition. Nevertheless, at
 
 *841
 
 torneys are cautioned that misrepresenting the law to this court, or filing of frivolous or bad faith actions, can result in sanctions. Fla.R.App. P. 9.410.