PER CURIAM.
Kenneth Ray Henry petitions this Court for certiorari review of the denial of his motion to dismiss under section 916.303(1), Florida Statutes (2013). We grant the petition and remand for dismissal of the charges without prejudice-to the State to refile should Henry become competent in, the future.
On May 17, 2013, Henry was found incompetent to proceed due to intellectual *929 disability. On May 18, 2015, he filed for dismissal of the charges without prejudice under section 916.303(1). In response, the State moved to strike the motion to dismiss, or alternatively, to appoint two doctors to evaluate Henry. Giving the State the benefit of the doubt, we interpret that motion as a motion for a determination of competency..
“An individual who has been adjudicated incompetent is presumed to remain incompetent until adjudicated competent to proceed by a court.” Dougherty v. State, 149 So.3d 672, 676 (Fla.2014) (quoting Jackson v. State, 880 So.2d 1241, 1242 (Fla. 1st DCA 2004)). The process for adjudicating such a defendant competent is properly instigated upon a report finding that the defendant has regained competency to proceed or no longer meets the criteria for continued commitment issued by the administrator of the facility in which 'the defendant is being held. Molina v. State, 946 So.2d 1103, 1105 (Fla. 5th DCA 2006) (citing Fla. R. Crim. P. 3.212(c)(5)). Alternatively, counsel for either the defendant or the State may move the court for such an adjudication of competency. Fla. R. Crim. P. 3.212(c)(5)(B). If, upon consideration of such a motion and any information offered in support thereof, the court has reasonable grounds to believe the defendant is competent, it must order a report from the administrator on the issues and order a hearing to be held. Id.
It does not appear that any information was offered at the hearing on the State’s motion to indicate that Henry is now, or will within the foreseeable future become, competent. Despite having filed an objection to the motion to dismiss, the prosecutor had no knowledge regarding Henry’s competency. Denial of the motion to dismiss would be permitted only if the court specified its reasons for determining that Henry would become competent in the foreseeable future and provided an expected timeframe- for competency. § 916.303(1), Fla. Stat. (2013). This procedure is more clearly set out in Florida Rule of Criminal Procedure 3.213(a)(2), which states:
If the incompetency to stand trial or to proceed is due to intellectual disability or autism, the court shall dismiss the charges within a reasonable time after suchdetermination, not to exceed 2 years for felony charges and 1 year for misdemeanor charges, unless the court specifies in its order the reasons for believing that the defendant will become competent; within the foreseeable future and specifies -the time within which the defendant is expected to become competent. The dismissal shall be without prejudice to the state to refile should the .defendant be declared competent to proceed in the .future-. . .
Fla. R. Crim. P. 3.213(a)(2).
The order denying Henry’s motion to dismiss was not in compliance with the procedure set out in this rule and the Florida Supreme Court’s decision in Dougherty, 149 So.3d at 676-77, and is a departure from the essential requirements of, the law. See also Gonzalez v. State, 15 So.3d 37, 41 (Fla. 2d DCA 2009); Hines v. State, 931 So.2d 148, 151 (Fla. 1st DCA 2006).
Therefore, the petition .is granted. The order denying dismissal is.quashed and the cause is remanded for dismissal of the charges without prejudice to the State’s right to refile, should Henry become competent in the future,
PETITION GRANTED.
ORFINGER, COHEN, and WALLIS, JJ., concur.