IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TYRELL LAVON HOLLY,

      Petitioner,

v.                                    Case No. 5D16-65

STATE OF FLORIDA,

      Respondent.

_____/

Opinion filed March 4, 2016

Petition for Certiorari Review of Order
from the Circuit Court for Orange County,
Wayne C. Wooten, Judge.

Robert Wesley, Public Defender, and
Daniel S. Spencer, Assistant Public
Defender, Orlando, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Respondent.


LAMBERT, J.

Tyrell Lavon Holly petitions this court for certiorari review of the denial of his second motion to dismiss without prejudice, filed pursuant to section 916.303(1), Florida Statutes (2015). Based upon the record before us, we cannot conclude that there has been a departure from the essential requirements of the law causing material and irreparable harm. Accordingly, we deny the petition.

Holly has two criminal cases pending in the circuit court. He moved to dismiss the charges in both cases based on section 916.303(1), Florida Statutes (2015), which provides:

> (1) The charges against any defendant found to be incompetent to proceed due to intellectual disability or autism shall be dismissed without prejudice to the state if the defendant remains incompetent to proceed within a reasonable time after such determination, not to exceed 2 years, unless the court in its order specifies its reasons for believing that the defendant will become competent to proceed within the foreseeable future and specifies the time within which the defendant is expected to become competent to proceed. The charges may be refiled by the state if the defendant is declared competent to proceed in the future.

In the petition before this Court, Holly alleges that he has previously been found incompetent to proceed and that absent the court specifying in its denial order the reasons for believing that he will become competent to proceed within the foreseeable future, he is entitled to certiorari relief because he has a substantive right to dismissal under this statute. *See Hines v. State*, 931 So. 2d 148, 149-50 (Fla. 1st DCA 2006).

"To obtain relief via writ of certiorari, a petitioner must establish: (1) a departure from the essential requirements of the law; (2) a consequent material injury for the balance of the trial; and (3) the absence of an adequate remedy on appeal." *Holmes Reg'l Med. Ctr., Inc. v. Dumigan*, 151 So. 3d 1282, 1284 (Fla. 5th DCA 2014) (citing *Allan & Conrad, Inc. v. Univ. of Cent. Fla.*, 961 So. 2d 1083, 1087 (Fla. 5th DCA 2007)). "The second and third prongs of this three-part [test] are often combined into the concept of 'irreparable harm,' and they are jurisdictional." *Id.* (citing *Citizens Prop. Ins. Corp. v. San Perdido Ass'n*, 104 So. 3d 344, 351 (Fla. 2012)).

We find that Holly's allegations are sufficient to establish the jurisdictional second and third prongs for certiorari review due to the absence of adequate appellate review and the necessity to preserve the constitutional due process rights of an incompetent criminal defendant. *See Vasquez v. State*, 496 So. 2d 818, 820 (Fla. 1986). Further, we agree with Holly that "[a]n individual who has been adjudicated incompetent is presumed to remain incompetent until adjudicated competent to proceed by a court." *Henry v. State*, 178 So. 3d 928, 929 (Fla. 5th DCA 2015) (quoting *Dougherty v. State*, 149 So. 3d 672, 676 (Fla. 2014)). Nevertheless, our present record does not contain an order specifically finding Holly to be incompetent to proceed due to intellectual disability or autism, which is required before Holly or, for that matter, any defendant may seek dismissal of pending criminal charges pursuant to section 916.303, Florida Statutes,[1] nor does it appear that such an order currently exists. Absent such an order, the trial court's denial of Holly's second motion to dismiss is not a departure from the essential requirements of the law.

PETITION FOR WRIT OF CERTIORARI DENIED.

PALMER and BERGER, JJ., concur.

---

[1] We note that the circuit court entered an order on July 2, 2015, appointing experts to perform a competency evaluation. The experts' reports have been prepared and filed below. However, the State has not stipulated to the admission of the reports as evidence, and the reports cannot substitute for a court's determination, by entry of a proper order, as to a defendant's competency. *See Molina v. State*, 946 So. 2d 1103, 1105 (Fla. 5th DCA 2006).