The petitioner's petition for writ of habeas corpus is granted. The portion of the trial court's order that places the petitioner on house arrest with GPS monitoring is quashed. The trial court may exercise its discretion to impose appropriate release conditions consistent with the goal of attaining competency for the petitioner and subject to the limitations of Florida Rule of Criminal Procedure 3.131 (b). See Fla. R. Crim. P. 3.131 (h) ("If the defendant applies to be admitted to bail after recommitment, the court that recommitted the defendant shall determine conditions of release, if any, subject to the limitations of (b) above."); Fla. R. Crim. P. 3.131(b) ("The judicial officer shall impose the first of the following conditions of release that will reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process; or, if no single condition gives that assurance, shall impose any combination of the following conditions"); Vasquez v. State, 496 So. 2d 818, 820 (Fla. 1986) ("Once a defendant is found incompetent to stand trial, his treatment is directed towards achieving competency to stand trial."); Gonzalez v. State, 15 So. 3d 37, 40 (Fla. 2d DCA 2009) (holding that "the single purpose warranting a pretrial exercise of jurisdiction over an incompetent defendant" is "restoring competency for trial.").
SILBERMAN, KELLY, and LUCAS, JJ., Concur.