# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-3738
Lower Tribunal No. 20-CF-004838

_____

ANTONIO REYES REINA,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Certiorari to the Circuit Court for Polk County.
Catherine L. Combee, Judge.

May 31, 2024

PER CURIAM.

Antonio Reyes Reina petitions this Court for certiorari relief, seeking to quash two orders: (1) an order denying his motion to dismiss under section 916.303(1), Florida Statutes (2023); and (2) an order appointing a committee to re-evaluate his competency. We grant the petition and quash both orders.

In 2020, Reina was charged with several counts of theft and burglary. He was subsequently declared incompetent to proceed under section 916.3012, Florida Statutes (2021), by virtue of intellectual disability. Reina participated in a

competency restoration program and was evaluated several times over two years, during which the incompetency determination remained untouched. In 2023, more than two years after being declared incompetent, Reina filed a motion to dismiss under section 916.303(1), which states:

> The charges against any defendant found to be incompetent to proceed due to intellectual disability or autism shall be dismissed without prejudice to the state if the defendant remains incompetent to proceed within a reasonable time after such determination, not to exceed 2 years, unless the court in its order specifies its reasons for believing that the defendant will become competent to proceed within the foreseeable future and specifies the time within which the defendant is expected to become competent to proceed. The charges may be refiled by the state if the defendant is declared competent to proceed in the future.

The State, in response, filed a motion under section 916.301, Florida Statutes (2023), seeking the appointment of a committee to re-evaluate Reina's competency.

The trial court held an evidentiary hearing during which it considered both motions. The director of the competency restoration program, Nick Manolukas, testified that after two years in the program, Reina's progress had plateaued. He also testified that Reina was showing signs of marginal competency in two areas but remained questionable in several others. Without making any findings that it expected Reina to become competent in the foreseeable future or specifying a time for when that might be, the trial court entered an order denying Reina's motion to dismiss and an order requiring re-evaluation of Reina's competency. Reina takes

issue with the trial court's failure to make findings in accordance section 916.303(1) and its entry of the consequent orders.

For certiorari relief, a petitioner must establish: "1) a departure from the essential requirements of the law; 2) resulting material injury for the rest of the trial; 3) that cannot be remedied on post-judgment appeal." *Regala v. McDonald*, 374 So. 3d 855, 858 (Fla. 6th DCA 2023) (quoting *Walt Disney Parks & Resorts U.S., Inc. v. Alesi*, 351 So. 3d 642, 644 (Fla. 5th DCA 2022)). The second and third elements of certiorari review—jointly referred to as "irreparable harm"—are jurisdictional and must be established before the merits of the petition are addressed. *Id.*

The irreparable harm Reina alleges is that the trial court denied his motion to dismiss the charges against him even though he had a substantive right to dismissal because of his continued incompetency. *See Hines v. State*, 931 So. 2d 148, 151 (Fla. 1st DCA 2006) (holding that if a defendant remains incompetent by virtue of an intellectual disability for a period of two years, the defendant is then vested "with a substantive right to have the charge[s] against him dismissed"). This allegation is sufficient to establish irreparable harm. *See Vasquez v. State*, 496 So. 2d 818, 819 (Fla. 1986) (holding, under similar circumstances, that certiorari review was appropriate when incompetent defendant's motion to dismiss was denied); *see also Holly v. State*, 187 So. 3d 313, 315 (Fla. 5th DCA 2016) (finding similar allegations sufficient to establish jurisdiction "due to the absence of adequate appellate review

3

and the necessity to preserve the constitutional due process rights of an incompetent criminal defendant"). We turn now to determine whether the trial court departed from the essential requirements of law.

The only way a trial court may stave off dismissal under these circumstances is if "its order specifies its reasons for believing that the defendant will become competent to proceed within the foreseeable future and specifies the time within which the defendant is expected to become competent to proceed." § 916.303(1), Fla. Stat. The trial court did not find that Reina will be competent in the foreseeable future, nor did it specify a time when Reina would regain competency; it stated only that Reina has "made improvements" and was "cooperative." Because the trial court failed to make the necessary findings under section 916.303(1), it departed from the essential requirements of law. *See Henry v. State*, 178 So. 3d 928, 929 (Fla. 5th DCA 2015) (granting petition where order denying motion to dismiss did not specify if defendant would become competent in foreseeable future).

Accordingly, we quash the order denying Reina's motion to dismiss. We also quash the order requiring Reina to be re-evaluated because that order stemmed from the trial court's erroneous decision on Reina's motion to dismiss.[1]

---

[1] Because this case comes to us on certiorari review, our jurisdiction is limited to quashing the subject orders. Thus, we are not able to remand with instructions for the trial court to enter an order dismissing the charges. *See McMahon v. State*, 331 So. 3d 1276, 1279 n.2 (Fla. 3d DCA 2022) ("We stop short of remanding with instructions because these cases are before us on certiorari review."); *Park v. City of*

PETITION GRANTED; WRIT ISSUED.

WOZNIAK, MIZE and GANNAM, JJ., concur.


Howard L. "Rex" Dimmig, II, Public Defender, and Katrina T. Barcellona, Assistant Public Defender, Bartow, for Petitioner.

Ashley Moody, Attorney General, Tallahassee, and Jonathan S. Tannen, Assistant Attorney General, Tampa, for Respondent.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

*West Melbourne*, 927 So. 2d 5, 9 (Fla. 5th DCA 2006) ("'[A]fter review by certiorari, an appellate court can only quash the lower court order; it has no authority to direct the lower court to enter contrary orders.'" (quoting *Gulf Oil Realty Co. v. Windhover Ass'n, Inc.*, 403 So. 2d 476, 478 (Fla. 5th DCA 1981))).