IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANTOINE L. BYNUM,

      Appellant,

v.                                                                       Case No. 5D16-3342

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 11, 2018

Appeal from the Circuit Court
for Orange County,
Marc L. Lubet, Judge.

James S. Purdy, Public Defender, and
Kathryn Rollison Radtke, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Appellant, Antoine L. Bynum, appeals his judgment and sentence following a jury

trial where he was convicted of murdering Remmi Goyens. Appellant argues that the trial

court committed fundamental error when it failed to "make an independent determination

of the Appellant's competency."  We agree and reverse for a nunc pro tunc competency hearing.  We otherwise affirm.

### *The Proceedings in this Case*

On April 26, 2015, the day before trial was initially scheduled, Appellant's counsel filed a notice of incompetency.  As a result, the trial court held a competency hearing, and after considering the reports of two court-appointed experts, found Appellant incompetent to proceed and committed him to the Department of Children and Families (DCF) for treatment at the state hospital under Florida Rule of Criminal Procedure 3.212(c).[1]

On August 31, 2015, mental health professionals at the North Florida Evaluation and Treatment Center filed a report representing that Appellant's competency had been restored.[2]  At defense counsel's request, the trial court once again appointed an expert to evaluate Appellant under Florida Rule of Criminal Procedure 3.210(b)(4).

The trial court then held a competency hearing on October 22, 2015.  However, no evidence was received at the hearing.  Rather, Appellant's counsel conveyed to both the State and the trial court that the expert had found Appellant competent to proceed.  Even though it had not yet reviewed the expert's report, the court found Appellant competent to proceed "based on the accord of [the expert], and based on . . . the stipulations of the State and Defense."

---

[1] This was the second time that Appellant was found incompetent to proceed in this case.

[2] We note "[a] determination by DCF that a criminal defendant has regained competency is insufficient to change the defendant's legal status." *Erickson v. State*, 965 So. 2d 294, 295 (Fla. 5th DCA 2007).

The case then proceeded to trial on August 8, 2016, where Appellant admitted that he killed the victim but raised an insanity defense. The jury convicted Appellant of the lesser-included offense of second-degree murder.

### *Florida Law: Competency to Proceed*

"[A] criminal prosecution may not move forward at any material stage of a criminal proceeding against a defendant who is incompetent to proceed." *McCray v. State*, 71 So. 3d 848, 862 (Fla. 2011) (quoting *Caraballo v. State*, 39 So. 3d 1234, 1252 (Fla. 2010) (citing *Medina v. California*, 505 U.S. 437, 439 (1992))); *see also* Fla. R. Crim. P. 3.210(a). A "material stage" includes the trial, pretrial hearings on factual issues where the defendant might testify, entry of a plea, contempt hearings, violation of probation hearings, sentencing, and "other matters where the mental competence of the defendant is necessary for a just resolution of the issues being considered." Fla. R. Crim. P. 3.210(a)(1).

"Once found incompetent, a presumption clings to the criminal defendant that the state of incompetence persists until a court, after proper notice and a hearing, finds otherwise." *Molina v. State*, 946 So. 2d 1103, 1105 (Fla. 5th DCA 2006) (citing *Jackson v. State*, 880 So. 2d 1241, 1242 (Fla. 1st DCA 2004); *Sledge v. State*, 871 So. 2d 1020 (Fla. 5th DCA 2004)). "Until the presumption of continued incompetence dissipates, the criminal defendant may not be tried for the crimes for which he or she is charged. Violation of this principle constitutes fundamental error[,]" *Id.* at 1105–06 (citing *Jackson*), which may be raised for the first time on appeal. *See also Sheheane v. State*, 228 So. 3d 1178, 1181 (Fla. 1st DCA 2017) ("This is a denial of due process, resulting in a

3

fundamental error that requires our intervention despite Appellant's failure to preserve it below.").

"A proper hearing to determine whether competency has been restored [typically] requires 'the calling of court-appointed expert witnesses designated under Florida Rule of Criminal Procedure 3.211, a determination of competence to proceed, and the entry of an order finding competence.'" *Molina*, 946 So. 2d at 1105 (quoting *Samson v. State*, 853 So. 2d 1116, 1117 (Fla. 4th DCA 2003) (citing Fla. R. Crim. P. 3.212)). However, "where the parties and the judge agree, the trial Court may decide the issue of competency on the basis of the written reports alone." *Dougherty v. State*, 149 So. 3d 672, 678 (Fla. 2014) (quoting *Fowler v. State*, 255 So. 2d 513, 515 (Fla. 1971)). In such a case, the trial court must actually "review[] the expert reports and other evidence." *Rumph v. State*, 217 So. 3d 1092, 1095 (Fla. 5th DCA 2017).

Importantly, the court must always make an independent determination as to a defendant's competency to proceed. *Dougherty*, 149 So. 3d at 678. Thus, accepting a stipulation of the parties as to competency is not permitted. *Id.*

### *The Competency Determination in this Case*

In this case, the trial court found Appellant competent to proceed based upon the stipulation of the parties and an expert's report which the court had not reviewed. In so doing, the court deferred to the expert and the parties rather than making its own independent determination. We conclude that this was fundamental error. *See Sheheane*, 228 So. 3d at 1180; *see also Rumph*, 217 So. 3d at 1094.

Given the circumstances here, we remand for the trial court to conduct a nunc pro tunc competency hearing. "[W]here the issue of competency was inadequately

4

determined below, a retroactive determination of competency may be possible where there are enough expert and lay witnesses who examined or observed the defendant contemporaneous with the relevant stage of the proceeding and are available to offer pertinent evidence at a retrospective hearing." *Presley v. State*, 199 So. 3d 1014, 1019 (Fla. 4th DCA 2016) (citing *Dougherty*, 149 So. 3d at 679).

Thus, on remand, if the court determines that Appellant was competent to proceed to trial, it shall enter a written order with findings.[3] *See Roman v. State*, 163 So. 3d 749, 751 (Fla. 2d DCA 2015). However, if the trial court finds that an evaluation of Appellant's competency prior to trial "cannot be conducted in such a manner as to assure [Appellant] due process of law," or if the court finds that Appellant was not competent, the court must grant Appellant a new trial. *See Mason v. State*, 489 So. 2d 734, 737 (Fla. 1986).

AFFIRMED in part; REVERSED in part; and REMANDED with INSTRUCTIONS.

PALMER, TORPY, and EISNAUGLE, JJ., concur.

---

[3] Our record indicates the first material stage after the competency hearing was trial.