IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RUKSHAN GOONEWARDENA,

      Appellant,

 v.                                   Case No.    5D21-1073
                                             LT Case No. 2017-CF-1056-A

STATE OF FLORIDA,

      Appellee.
_____/

Opinion filed September 23, 2022

Appeal from the Circuit Court
for Seminole County,
Debra S. Nelson, Judge.

Lisa Jama Ramsey, of Ramsey Law,
PLLC, Lake Mary, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney
General, Daytona Beach, for
Appellee.

NARDELLA, J.

     Rukshan Goonewardena appeals his conviction for attempted murder.

Of the claims he raises on appeal, only one has merit; namely, that the trial

court erred in concluding that he was competent to stand trial. Because the trial court did not make an independent determination that Goonewardena was competent to proceed to trial, we reverse and remand for the trial court to make a nunc pro tunc determination of competence if possible or to hold a new trial if not.

Goonewardena was charged with attempted murder after shooting the victim at an intersection during a fit of road rage. In the initial stages of the case, defense counsel requested a psychological evaluation to determine whether Goonewardena was competent to proceed to trial based on his "trouble focusing" and "emotional limitations." The trial court granted the request and ordered Goonewardena be evaluated by Psychological Affiliates, Inc. Dr. Kyle Goodwin evaluated Goonewardena and in his written report to the court stated that the evaluation was inconclusive and that "either a finding of competence or incompetence would be supported."

Due to the report's inconclusiveness, the trial court ordered that Goonewardena undergo a second evaluation with a different psychological therapy office, Advanced Psychological Associates, Inc. Dr. Kathy Oses evaluated Goonewardena and concluded that he was mentally competent. Dr. Oses submitted her report to the court, but apparently the parties did not

bring the report to the court's attention because the court did not hold a hearing or make a finding on Goonewardena's competency.

In fact, Goonewardena's competency was not addressed at all until more than a year after the second report was filed, when defense counsel unexpectedly raised the issue to the prosecutor at the trial scheduling conference. The parties then requested a bench conference, and the following exchange took place.

> STATE: [Defense counsel] brought up that in the (Indiscernible) around here, it doesn't appear that a formal finding of competency was ever made after an evaluation was done.
>
> COURT: Okay. I don't know when the evaluation was.
>
> DEFENSE: Well, if you want, Your Honor, I can have it printed it out and we can address it [sic] jury selection before we begin. Your Honor could review it and—
>
> STATE: It says he's competent to proceed. I mean—
>
> COURT: Well, if you just give me [sic] to look at—you don't have it. What date was the—
>
> DEFENSE: It would be the older of the two.
>
> COURT: 17-1056.
>
> DEFENSE: I'm trying to get this one off your docket, Your Honor.
>
> COURT: Yes, things do eventually happen, right?
>
> STATE: I'm just knocking on wood just to—

3

DEFENSE: I think it will get done.

STATE: Yeah.

DEFENSE: Everything—every single witness, every (Indiscernible) us, so that means we're good.

COURT: You may not be able to open it up. And who—who evaluated?

STATE: I believe it was the Defense at that time.

COURT: Was it a psychological—

DEFENSE: It was—it was court ordered. We requested—

COURT: What—oh, (Indiscernible) okay.

DEFENSE: And the term that is used, competent to—

COURT: Okay.

DEFENSE: —proceed.

COURT: All right. If—we'll go back on the record, take it off of the noise.

STATE: Thank you, Judge.

(End bench conference.)

After the bench conference, the court made the following finding with respect to Goonewardena's competency:

COURT: Okay. On Mr. Goonewardena, case number 17-CF-1056, the parties have stipulated to the report filed by Kyle Godwin [sic] of the evaluation that was

4

conducted on November 1st, 2019, and that evaluation says that he is competent to stand trial so—to proceed. So the Court will make a finding of competency to proceed.

The court did not enter a written order.

We review a trial court's finding that a defendant is competent to stand trial for an abuse of discretion. *See, e.g.*, *McCray v. State*, 71 So. 3d 848, 862 (Fla. 2011). A trial court abuses its discretion when it does not independently determine that a defendant is competent to stand trial. *See, e.g.*, *Losada v. State*, 260 So. 3d 1156, 1161 (Fla. 3d DCA 2018).

Florida Rule of Criminal Procedure 3.210(b) explains how the trial court should proceed when it has reasonable grounds to believe that a defendant may not be competent to proceed to trial.

> **(b) Motion for Examination**. If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing. Attorneys for the state and the defendant may be present at any examination ordered by the court.

In this case, the trial court had reasonable grounds to believe that Goonewardena was not competent to proceed; otherwise, the court would

5

not have ordered Goonewardena to undergo a psychological evaluation on his mental competence.  *See Flaherty v. State*, 266 So. 3d 1187, 1188 (Fla. 4th DCA 2019) ("When a trial court orders an evaluation, it suggests there are reasonable grounds to believe the defendant is incompetent."); *Reynolds v. State*, 177 So. 3d 296, 298 (Fla. 1st DCA 2015) ("Here, the trial court apparently had reasonable grounds to believe that Appellant was not competent to proceed because the court appointed an expert to evaluate Appellant.").

Although our Supreme Court has emphasized that trial courts should follow the specific procedures outlined in Florida Rules of Criminal Procedure 3.210–3.212, which concern a criminal defendant's competence to proceed in a case, it has also explained that the hearing requirement of Rule 3.210(b) can be waived.  *See Dougherty v. State*, 149 So. 3d 672, 678 (Fla. 2014) ("[W]here the parties and the judge agree, the trial court may decide the issue of competency on the basis of the written reports alone." (quoting *Fowler v. State*, 255 So. 2d 513, 515 (Fla. 1971))); *Jones v. State*, 125 So. 3d 982, 984 (Fla. 2013) (holding Rule 3.212 was satisfied when trial court based finding of competence on defense's two expert competency evaluations without conducting competency hearing); *Fowler*, 255 So. 3d at 515 ("Our decision [that the trial court erred by not setting a hearing to determine the

6

defendant's competence] is not to be construed as making the hearing requirement non-waivable."). What cannot be waived, however, is a defendant's right to have the trial court make an independent, legal determination that he is competent to proceed once his competency has been called into question. *See, e.g.*, *Dougherty*, 149 So. 3d at 676–78 (tracing duty to make independent determination of competency to defendant's right to fair trial); *Zern v. State*, 191 So. 3d 962, 965 (Fla. 1st DCA 2016) (stating that "an independent competency finding is a due-process right").

Accordingly, a trial court commits reversible error when it does not make an independent determination that a defendant is competent to stand trial. *See, e.g.*, *Zern*, 191 So. 3d at 965 ("Because an independent competency finding is a due-process right that cannot be waived once a reason for a competency hearing has surfaced, the trial court fundamentally err[s] in failing to make such a finding."). The trial court's duty to make an independent determination is not absolved when the parties stipulate to a defendant's competence and the psychological evaluations conclude that he is. *See Dougherty*, 149 So. 3d at 678 ("Even in a situation where all the experts opine that a defendant is competent, the trial court could presumably disagree based on other evidence such as the defendant's courtroom

behavior or attorney representations."); *Jones*, 125 So. 3d at 984 (holding parties cannot stipulate that a defendant is competent).

In this case, the trial court did not make an independent determination that Goonewardena was competent to proceed to trial. In its oral ruling, the trial court based its finding of competency on only two things: (1) the stipulation of the parties; and (2) the (mistaken) belief that the report of Goonewardena's first evaluation concluded that he was competent. The record does not demonstrate that the trial court reviewed the two reports it ordered at the time it ruled or in anticipation of ruling. This is made clear by the trial court's mischaracterization of the first report, which mimics what counsel told the trial court. Further, the trial court made no mention of the second report, and there is no other evidence in the record to suggest it was ever reviewed. Also missing from the record are any observations by the trial court which would suggest that the trial court made an independent determination.

When a trial court fails to make an independent determination that a defendant is competent for trial after his competency has been called into question, the proper remedy is usually to reverse and remand for a new trial. *Dougherty*, 149 So. 3d at 678–79. However, our Supreme Court has recognized that the trial court need not hold a new trial if it can retroactively

determine a defendant's competency. *Id*. at 679. Such a determination is "inherently difficult" but can be accomplished "where 'there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing.'" *Id*. (quoting *Mason v. State*, 489 So. 2d 734, 737 (Fla. 1986)). Consequently, when this Court has reversed a trial court for making an erroneous finding of competence, we have instructed the lower court to conduct a nunc pro tunc determination of competence if possible and to hold a new trial if not. *Yancy v. State*, 280 So. 3d 1112, 1113 (Fla. 5th DCA 2019); *Bynum v. State*, 247 So. 3d 601, 604 (Fla. 5th DCA 2018).

Therefore, because the trial court in this case abused its discretion by not making an independent determination that Goonewardena was competent to proceed to trial, we reverse and remand for a nunc pro tunc determination of competence. To the extent such a determination cannot be made, we remand for a new trial.

REVERSED and REMANDED.

COHEN and WOZNIAK, JJ., concur.

9