# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0147
LT Case No. 2020-CF-001586-A

_____

JAMES DANIEL CARNLEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Hernando County.
Daniel Burrell Merritt, Jr., Judge.

Matthew J. Metz, Public Defender, and Darnelle Paige Lawshe,
Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee and Rebecca
Rock McGuigan, Assistant Attorney General, Daytona Beach, for
Appellee.

February 28, 2025

PER CURIAM.

    James Daniel Carnley (the "Defendant") appeals his judgment
and sentence after being tried and found guilty of driving under
the influence resulting in manslaughter, a second-degree felony.
The Defendant argues that the trial court committed fundamental
error when it failed to independently determine whether he was

competent to proceed. We agree and reverse. However, we affirm the imposition of the $100 cost of prosecution.

## Facts

Prior to trial, defense counsel filed a motion to continue. Counsel's motion indicated that the Defendant's mental state was "getting worse to the point that he is not able to think, focus or talk in court." Counsel requested a competency evaluation and affirmed that the motion was "made in good faith and not for the purposes of delay."

In light of the motion to continue, the trial court entered an order appointing an expert for competency evaluation. The order appointed the expert because "the court ha[d] reasonable grounds to question the Defendant's competence to proceed." Subsequently, the expert filed his report opining that the Defendant was competent to proceed.

At a pre-trial conference, the trial court acknowledged the expert's report and instructed defense counsel to go over the report with the Defendant. However, the trial court did not hold a competency hearing or make any independent determination as to the Defendant's competence to proceed.

## Analysis

"[A] criminal prosecution may not move forward at any material stage of a criminal proceeding against a defendant who is incompetent to proceed." *Bynum v. State*, 247 So. 3d 601, 603 (Fla. 5th DCA 2018) (alteration in original) (quoting *McCray v. State*, 71 So. 3d 848, 862 (Fla. 2011)). Under the Florida Rules of Criminal Procedure:

> If at or in anticipation of any material stage(s) of a criminal proceeding the court, on its own motion or by motion of the state or defense, has reasonable grounds to believe that the defendant is not mentally competent to proceed, the court must promptly commence the process to determine the defendant's mental condition.

Fla. R. Crim. P. 3.210(b).

2

"Once a defendant's competency is called into question, a trial court must make 'an independent, legal determination' that a defendant is competent to proceed . . . ." *Jones v. State*, 396 So. 3d 601, 601 (Fla. 5th DCA 2022) (citing *Dougherty v. State*, 149 So. 3d 672, 677 (Fla. 2014); *Goonewardena v. State*, 347 So. 3d 1273, 1276 (Fla. 5th DCA 2022)). The right to an independent competency determination is unwaivable, and "a trial court commits reversible error" when it fails to make such determination. *Goonewardena*, 347 So. 3d at 1277.

Here, upon having reasonable grounds to question the Defendant's competence, the trial court made no independent determination, whether written or oral, that the Defendant was competent to proceed. *Cf. Santiago-Gonzalez v. State*, 301 So. 3d 157, 172, 175 (Fla. 2020) (explaining fundamental error did not occur despite trial court's failure to hold separate competency hearing and enter written order on defendant's competence where trial court made oral finding of competence). The trial court's failure to do so constituted fundamental error. *See Cookston v. State*, 299 So. 3d 613, 614 (Fla. 5th DCA 2020) (citing *Alexander v. State*, 254 So. 3d 1157, 1158 (Fla. 5th DCA 2018)); *see also Yancy v. State*, 280 So. 3d 1112, 1113 (Fla. 5th DCA 2019) ("[A] court's discretion to determine a defendant's competence in written reports alone is qualified with a requirement that the trial court make an independent determination of competency . . . [because] 'written reports are advisory to the trial court, which itself retains the responsibility of the decision.'" (quoting *Dougherty*, 149 So. 3d at 678)).

The State urges this Court to affirm based on *Awolowo v. State*, 389 So. 3d 788 (Fla. 1st DCA 2024), *review granted*, No. SC2024-1165, 2024 WL 5241703 (Fla. Dec. 27, 2024), and *Hicks v. State*, 391 So. 3d 620 (Fla. 1st DCA 2024). However, those cases are distinguishable. In *Awolowo*, "[d]efense counsel's motion did not provide a factual basis for his assertion that there were reasonable grounds to believe Awolowo was incompetent." 389 So. 3d at 796. Additionally, the trial court's order appointing the expert did not demonstrate that the court "had reasonable grounds to believe that Awolowo was incompetent to proceed. . . . Instead, the form order merely note[d] that the matter was before the court on defense counsel's motion and that the trial court appointed an

expert to evaluate the defendant's competency to proceed." *Id.* at 797; *see also Hicks*, 391 So. 3d at 624 ("[O]ur review of the record does not reveal any reasonable grounds to find a defendant was not competent to stand trial."). Unlike *Awolowo* and *Hicks*, our review of the record indicates that the trial court had reasonable grounds to believe the Defendant was not competent to proceed based on the defense counsel's motion and the court's order, which itself stated the court had "reasonable grounds" to question the Defendant's competence.

The Defendant also asserts that the trial court erred when it imposed a $100 cost of prosecution pursuant to section 938.27(8), Florida Statutes (2023), without a request from the State. We reject this argument. *See O'Malley v. State*, 378 So. 3d 672 (Fla. 5th DCA 2024); *Parks v. State*, 371 So. 3d 392, 393−94 (Fla. 1st DCA 2023) (holding that cost imposed under section 938.27(8), Florida Statutes, is mandatory and recognizing conflict with *D.L.J. v. State*, 331 So. 3d 227 (Fla. 2d DCA 2021)), *review granted*, No. SC2023-1355, 2024 WL 370043, at *1 (Fla. Jan. 31, 2024).

## Conclusion

Because the record reflects that the trial court had reasonable grounds to believe the Defendant was not competent to proceed, the court fundamentally erred when it failed to make an independent determination regarding the Defendant's competence. Accordingly, we reverse and remand for a nunc pro tunc determination of the Defendant's competence at the time of trial or for a new trial if such determination cannot be made. *See Jones*, 396 So. 3d at 601–02; *Goonewardena*, 347 So. 3d at 1277; *Alexander*, 254 So. 3d at 1158–59. We affirm the imposition of the $100 cost of prosecution.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

EDWARDS, C.J., and MAKAR and KILBANE, JJ., concur.

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____